THIRD DIVISION

December 22, 1999

No. 1-98-3224

THE PEOPLE OF THE STATE OF ILLINOIS, )   Appeal from the

)   Circuit Court of

Plaintiff-Appellee, )   Cook County. 

)

)

v. )   No. 97 CR 23683 

)

)

CLEOTIS MILTON, )   Honorable 

)   Frank DeBoni,

Defendant-Appellant. )   Judge Presiding.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

Following a bench trial, defendant Cleotis Milton was convicted of residential burglary, theft and possession of burglary tools and sentenced as a Class X offender to concurrent prison terms of 20 years, 5 years and 5 years, respectively.  He contends that (1) the trial court erred in allowing the State to amend the indictment, thereby violating his right to a speedy trial, and (2) the trial court erred in convicting him of both residential burglary and theft.  We affirm in part and vacate in part.

On August 28, 1997, defendant was indicted by a grand jury.  The true bill read that an indictment was returned for "res burglary etc."  But count I of the indictment charged the defendant with burglary, count II with theft, and count III with possession of burglary tools.  On February 5, 1998, the State sought leave of court to amend count I from burglary to residential burglary.  The State argued that the burglary charge was a typographical error and that the grand jury transcript showed that a true bill for residential burglary was sought and supported by the facts of the case.  The trial court granted the motion, accepting the argument of the State.  Defendant did not object to the amendment.  

On April 9, 1998, the day of trial, defendant filed a motion to dismiss the charge of residential burglary.  Defendant claimed that when the State amended the indictment, his right to a speedy trial was violated because more than 120 days had passed that could not be attributed to him.  At the hearing on the motion, defendant did not contest the State's claim that the transcript showed that the grand jury intended to charge residential burglary and heard facts sufficient to support such a charge.  The motion was denied.

At trial, eight-year-old Jarod Redrick testified that on August 4, 1997, he lived with his family at 1200 North East Avenue in Oak Park.  He saw defendant take Jarod's brother's bicycle out of the back room of the house and ride away with it.  Jarod testified that defendant was wearing a blue and white striped shirt and gardening gloves, and he was carrying tools.  About 15 minutes later, defendant was detained by Lieutenant Robert Gryncewics because he matched the description given to the police by Jarod's parents.  Jarod positively identified defendant as the man who had been in his home, and the bicycle was recovered and returned to the family.   

At the time of his arrest, defendant had a black leather bag that contained a blue and white striped shirt, a screwdriver shank, a makeshift drill bit with a handle, a drill bit case and a pair of pruning shears.  The evidence revealed that defendant entered the home without permission through a back door which had been extensively damaged.  It was the opinion of Oak Park Officer Primak, an evidence technician, that the damage to the back door could have been caused by the tools recovered in defendant's black bag.  Defendant was found guilty of all charges and sentenced as a Class X offender.  He had several previous convictions for residential burglary, burglary and theft.  Defendant filed a posttrial motion, which was denied.

Defendant contends on appeal that he was denied his right to a speedy trial in violation of the sixth amendment to the United States Constitution (U.S. Const., amend VI); article I, section 8 of the Illinois Constitution (Ill. Const. 1970, art. I, §8); and the section 103-5 of the Code of Criminal Procedure of 1963 (the Speedy Trial Act) (725 ILCS 5/103-5 (West 1996)).  He argues that the amendment to the indictment was a substantive change made after 120 days had passed from the date of his indictment, and that because new charges were filed, no delay could be attributed to him on the new charge, citing 
People v. Quigley
, 183 Ill. 2d 1, 697 N.E.2d 735 (1998).  He concludes that the prosecution of the new charge violated his speedy trial guarantees.  

The State responds that the amendment corrected a formal defect, a miswriting of the charge, and that the true bill for residential burglary returned by the grand jury shows that the amendment merely changed the charge to reflect what the grand jury intended.  Thus, the amendment could be made at any time and no speedy trial violation occurred. 

Section 111-5 of the Code of Criminal Procedure of 1963 (the Code) allows for an indictment to be amended at any time to correct formal defects, including a miswriting.  725 ILCS 5/111-5 (West 1996).  Formal amendment is warranted especially where the defendant is not surprised or prejudiced or where the record shows he was otherwise made aware of the actual charge.  
People v. McCoy
, 295 Ill. App. 3d 988, 993, 692 N.E.2d 1244, 1248 (1998).  The list of formal defects in section 111-5 is not exclusive.  
People v. Benitez
, 169 Ill. 2d 245, 255, 661 N.E.2d 344, 349 (1996).  When an amendment is formal, speedy trial provisions are not implicated.  
People v. Flores
, 250 Ill. App. 3d 399, 401, 621 N.E.2d 142, 144 (1993).

Formal defects are distinguished from substantive changes that alter the nature and elements of the offense charged.  
Flores
, 250 Ill. App. 3d at 401. Substantive amendments should be returned to the grand jury (725 ILCS Ann. 5/111-5, Committee Comments--1963, at 248 (Smith-Hurd 1992)), and the new indictment is then subject to the same speedy trial limitations applicable to the original indictment (People v. Williams, 94 Ill. App. 3d 241, 248-49, 418 N.E.2d 840, 846 (1981)).  The reason for this distinction rests, at least in part, on the fact that where there are substantive changes as opposed to technical defects, it cannot be known whether a grand jury would have returned such an altered indictment.  
See 
People v. Henderson
, 142 Ill. 2d 258, 327-30, 568 N.E.2d 1234, 1269 (1990).
   

A
lthough the supreme court in 
Henderson
 addressed whether a trial court could effectively amend an indictment to allow a jury to consider a broader charge than that set forth in the charging instrument, the case is nonetheless instructive in considering when an amendment is substantive in nature.  The court relied on 
United States v. Kuna
, 760 F.2d 813, 818 (7th Cir. 1985), quoting 
United States v. Muelbl
, 739 F.2d 1175, 1180-81 (7th Cir. 1984), which held that an amendment would be improper only when the crime originally charged is "'materially different or substantially altered at trial, [so that] it is impossible to know whether the grand jury would have indicted for the crime actually proved.'"  
Henderson
, 142 Ill. 2d at 331-32, 568 N.E.2d at 1269.  Thus, an amendment is substantive and therefore improper if (1) it materially alters the charge, and (2) it cannot be determined whether the grand jury intended the alteration.  See also 
People v. Flores
, 250 Ill. App. 3d 399, 403, 62 N.E.2d 142, 144 (1993) (amendment held to be formal rather than substantive where change reflected what grand jury intended to charge and nature of offense and penalty remained the same).    

When we apply this reasoning to the case at hand, we conclude that the amendment from burglary to residential burglary was not substantive.  While the two crimes have been held to be mutually exclusive (
People v. Childress
, 158 Ill. 2d 275, 302, 633 N.E.2d 635, 647 (1994)), and could constitute an impermissible substantive change, here we know that the grand jury intended to indict for residential burglary.  As the State points out, a true bill was signed and returned by the grand jury on the charge of residential burglary.  So the amendment from burglary to residential burglary merely corrected the indictment to reflect what the grand jury intended to charge.  The amendment corrected a formal rather than substantive defect, as set forth in section 111-5 of the Code, so that speedy trial provisions were not implicated
.  
People v. McCoy
, 295 Ill. App. 3d 988, 994, 692 N.E.2d 1244, 1248 (1998).

Defendant contends that 
Flores
 and 
McCoy
 are distinguishable because in both cases, the amendment changed the name of a drug for another, which did not change the charge, the elements, or the nature of the offense and its penalty.  Here, the indictment was amended from burglary, a Class 2 felony with a penalty of three to seven years, to residential burglary, a Class 1 felony with a penalty of 4 to 15 years.  But defendant was sentenced as a Class X offender based on his previous convictions.  Both Class 1 and Class 2 felonies support sentencing as a Class X offender.  730 ILCS 5/5-5-3(c)(8) (West 1996).

Defendant was not prejudiced by the amendment of the indictment.  The amendment was not made on the eve of trial, but several months before, allowing defendant ample time to prepare a defense.  The grand jury's intent to charge residential burglary was evident from the transcript and the face of the true bill.  The facts before the grand jury and the trial court supported a charge of residential burglary.  And whether defendant had been convicted of burglary or residential burglary, he would have been eligible for Class X sentencing.  We affirm defendant's conviction for residential burglary.

Next, defendant argues that the trial court erred in convicting him of both residential burglary and theft where theft was a lesser included offense.  The State maintains that both convictions were proper because they were based on separate acts and theft is not by definition a lesser included offense of residential burglary.

It is well settled under  
People v. King
, 66 Ill. 2d 551, 363 N.E.2d 838 (1977), we must decide whether defendant's conduct consisted of separate acts or a single physical act.  
People v. Rodriguez
, 169 Ill. 2d 183, 186, 661 N.E.2d 305, 306 (1996).  If we decide that the defendant committed multiple acts, convictions with concurrent sentences can be entered if the offenses are not, by definition, lesser included offenses.  
Rodriguez
, 169 Ill. 2d at 186, 661 N.E.2d at 306.  When multiple convictions cannot stand, sentence should be imposed on the more serious offense, and conviction on the less serious offense should be vacated.  
People v. Garcia
, 179 Ill. 2d 55, 71, 688 N.E.2d 57, 64 (1997).   A lesser included offense is "established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged."  720 ILCS 5/2-9(a)(West 1996).  Such a determination is a matter of law to be reviewed 
de
 
novo
.  
People v. Landwer
, 166 Ill. 2d 475, 486, 655 N.E.2d 848, 854 (1995).  In deciding whether a particular crime is a lesser included offense of another, the charging instrument is examined to discover whether the facts alleged sufficiently describe the foundation or main outline of the lesser included offense.  
People v. Novak
, 163 Ill. 2d 93, 107, 643 N.E.2d 762, 770 (1994), citing 
People v. Bryant
, 113 Ill. 2d 497, 505, 499 N.E.2d 413, 416 (1986).

In 
People v. Hamilton
, 179 Ill. 2d 319, 325, 688 N.E.2d 1166, 1170 (1997), the supreme court held that where the indictment alleged that defendant entered the premises with the intent to commit a theft, the language sufficiently provided the main outline of theft as a lesser included offense of residential burglary.  It necessarily implied that defendant intended to obtain unauthorized control over the premises and deprive another of property.  
Hamilton
, 179 Ill. 2d at 325, 688 N.E.2d at 1170.  Because the charging instrument here also expressly charges the specific intent to commit theft, it was error to convict defendant of both theft and residential burglary.

We are unpersuaded by the State's argument that the charging instrument approach is limited to cases where a party seeks a jury instruction on a lesser included crime, as in 
Hamilton
, and not to be applied when examining lesser included offenses under the holding in 
King
.  Recent decisions of the supreme court show that the charging instrument approach should be used in one-act-one crime cases, whether or not a jury instruction is sought.  
People v. McLaurin
, 184 Ill. 2d 58, 104, 703 N.E.2d 11, 32 (1998); 
Rodriguez
, 169 Ill. 2d at 190, 661 N.E.2d at 308; accord 
People v. Bussan
, 306 Ill. App. 3d 836, 839, 715 N.E.2d 820, 822 (1999); 
People v. Bowens
, 307 Ill. App. 3d 484, 493, 718 N.E.2d 602, 609-10  (1999); but 
cf
. 
People v. Priest
, 297 Ill. App. 3d 797, 803, 698 N.E.2d 223, 227 (1998).

Defendant's convictions and sentences for the offenses of residential burglary and possession of burglary tools are affirmed.  Defendant's conviction and sentence for the offense of theft are vacated.

Affirmed in part and vacated in part.

CERDA and BURKE, JJ., concur.