First Division
May 7, 2007

No. 1-05-0276

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County |
| | ) | |
| v. | ) | 02 CR 27257 |
| | ) | |
| DENNIS DAVIS, | ) | Honorable |
| | ) | Reginald H. Baker, |
| Defendant-Appellant. | ) | Judge Presiding |
| | ) | |

PRESIDING JUSTICE McBRIDE delivered the opinion of the court:

Following a bench trial, defendant, Dennis Davis, was convicted of criminal sexual assault (720 ILCS 5/12-13(a)(1) (West 2002)) and sentenced to 30 years' imprisonment. On appeal, defendant contends that his counsel was ineffective for failing to move to dismiss a portion of his indictment on the basis that it violated his speedy trial rights. In addition, defendant contends that he was denied his constitutional right to testify at trial.

The evidence adduced at trial demonstrated that, in March 2002, defendant sexually assaulted the victim, S.R., who was his fiancee's daughter. On June 11, 2002, the victim reported the incident and defendant was arrested. The following day, on June 12, 2002, defense counsel filed a demand for trial at defendant's initial court appearance. On July 3, 2002, the State charged defendant by information with criminal sexual assault, a Class 1 felony (720 ILCS 5/12-13(a)(1) (West 2002)). The case was then continued several times by agreement of the parties between July 23, 2002, and November 26, 2002. Prior to commencement of trial, on October 25, 2002, a grand jury convened and returned a two-count indictment, where each count was based on the

same act with the same victim. The first count realleged defendant's original charge (count I), and the second count alleged criminal sexual assault against the same victim enhanced as a Class X felony based on a prior conviction for criminal sexual assault (720 ILCS 5/12-13(a)(1) (West 2002)) (count II).

Section 12-13 of the Criminal Code of 1961 provides, in relevant part:

"(a) The accused commits criminal sexual assault if he or she:

(1) commits an act of sexual penetration by the use of force or threat of force; or

* * *

(b) Sentence.

(1) Criminal sexual assault is a Class 1 felony.

(2) A person who is convicted of the offense of criminal sexual assault as defined in paragraph (a)(1) or (a)(2) after having previously been convicted of the offense of criminal sexual assault, or who is convicted of the offense of criminal sexual assault as defined in paragraph (a)(1) or (a)(2) after having previously been convicted under the laws of this State or any other state of an offense that is substantially equivalent to the offense of criminal sexual assault, commits a Class X felony

for which the person shall be sentenced to a term of imprisonment of not less than 30 years and not more than 60 years. The commission of the second or subsequent offense is required to have been after the initial conviction for this paragraph (2) to apply."

720 ILCS 5/12-13(a)(1), (b)(1), (b)(2) (West 2002).

At trial, several individuals, including the victim, testified to the facts underlying the instant offense.[1] In addition, an assistant State's Attorney (ASA) read a statement into the record, which was given by defendant in relation to his prior conviction. Defendant did not testify. The trial court ultimately found defendant guilty of both counts. Defendant was subsequently sentenced to a 30-year prison term on count II, and count I, as the lesser count, merged therein. This appeal followed.

Defendant first contends that his counsel was ineffective for failing to move to dismiss his enhanced charge of criminal sexual assault based on a prior conviction because it violated his speedy trial rights. The State responds that, because there was no basis for such a motion to dismiss, defendant received effective assistance.

To successfully allege ineffective assistance of counsel, the defendant must prove that his counsel's performance was both objectively deficient and prejudicial. People v. Smith, 195 Ill. 2d 179, 187-88 (2000), citing Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed. 2d 674,

---

[1]We need not detail the testimony as defendant does not contest the sufficiency of the evidence supporting his conviction.

693, 104 S. Ct. 2052, 2064 (1984). Ineffective assistance will be found where counsel failed to move to dismiss based on a speedy trial violation when there is "at least a reasonable probability that the client would have been discharged had a timely motion been filed." People v. Garcia, 251 Ill. App. 3d 473, 478-79 (1993). Accordingly, there must be legal grounds for the motion to dismiss in order to constitute ineffective assistance. Garcia, 251 Ill. App. 3d at 479.

Pursuant to section 103-5 of the Code of Criminal Procedure of 1963, a defendant in custody must be tried within 120 days from the date he was taken into custody, "unless delay is occasioned by the defendant." 725 ILCS 5/103-5(a) (West 2002). If a defendant in custody is not tried within the 120-day period, he must be discharged. See 725 ILCS 5/103-5(d) (West 2002). However, prior to trial, the defendant must make a written motion for discharge based on violation of his speedy trial rights to avoid waiver. People v. Pearson, 88 Ill. 2d 210, 216-17 (1981). The speedy trial period is tolled when the defendant contributes to or causes a delay of the trial. People v. Hall, 194 Ill. 2d 305, 326-27 (2000); see 725 ILCS 5/103-5(a) (West 2002). Continuances, where defense counsel has affirmatively agreed and has not reasserted his demand for trial, will toll the speedy trial term. See People v. Andrade, 279 Ill. App. 3d 292, 296-98 (1996); see also 725 ILCS 5/103-5(a) (West 2002).

In the instant case, defendant has failed to demonstrate that he received ineffective assistance of counsel. Defendant argues that count II violated his speedy trial rights, and he supports his argument with the rules announced in People v. Williams, 94 Ill. App. 3d 241 (1981), and People v. Gooden, 189 Ill. 2d 209 (2000). In Williams, the defendants were originally charged with rape and deviate sexual assault. Then on the 120th day of the speedy trial

4

term, the State filed nine new charges for aggravated kidnaping, kidnaping, aggravated battery, and unlawful restraint, all of which arose from the same set of circumstances as the original charges. Williams, 94 Ill. App. 3d at 248. On appeal, the defendants argued that any continuances obtained prior to the filing of the new charges cannot be attributed to the new charges when computing the speedy trial term. Williams, 94 Ill. App. 3d at 248. The Williams court agreed and concluded that when a "new and additional" charge arises from the "same facts" as the original charge, of which the State was always aware, the charges share the same speedy trial period. Williams, 94 Ill. App. 3d at 248-49. Further, delays in prosecution of the original charge cannot be attributed to the defendant in connection with the "new and additional" charges because those new charges were not before the court when the continuances were obtained. Williams, 94 Ill. App. 3d at 248-49. The reviewing court held that the defendants speedy trial rights were violated as to those nine new and additional charges. Williams, 94 Ill. App. 3d at 249.

In Gooden, the supreme court limited the Williams rule to situations where the later-filed charge is based on the "same act" as the originally filed charge, such that the charges would need to be brought in a single prosecution pursuant to principles of compulsory joinder. Gooden, 189 Ill. 2d at 218-20.

The compulsory joinder provision of the Criminal Code of 1961 states:

> "(a) When the same conduct of a defendant may establish the
> commission of more than one offense, the defendant may be
> prosecuted for each such offense.

(b) If the several offenses are known to the proper prosecuting

officer at the time of commencing the prosecution and are within

the jurisdiction of a single court, they must be prosecuted in a

single prosecution, except as provided in Subsection (c), if they are

based on the same act.

(c) When 2 or more offenses are charged as required by Subsection

(b), the court in the interest of justice may order that one or more of

such charges shall be tried separately."  720 ILCS 5/3-3 (West

2002).

In Gooden, the supreme court pointed out that "[o]nce a defendant has been prosecuted

for an offense, the State is barred from prosecuting him or her for any other offense which,

pursuant to section 3-3(b), should have been joined with the original prosecution."  Gooden, 189

Ill. 2d at 219; see also 720 ILCS 5/3- 4(b)(1) (West 2002).  The supreme court also noted that in

enacting the compulsory joinder provision, the legislature attempted to alleviate the fundamental

unfairness that results when the State holds repeated trials for the same illegal conduct, a practice

which had troubled the conscience of the courts and the legislature.  Gooden, 189 Ill. 2d at 219.

The supreme court continued by stating that "the fact that multiple offenses arise from

distinct, but related, acts in the course of single incident is irrelevant for purposes of compulsory

joinder."  Gooden, 189 Ill. 2d at 219.  "Indeed, this court has acknowledged that '[t]here is no

requirement of joinder where multiple offenses arise from a series of related acts.' "  Gooden,

1-05-0276

189 Ill. 2d at 219, quoting People v. Mueller, 109 Ill. 2d 378, 385 (1985). "This is so because the compulsory joinder provision was not 'intended to cover the situation in which several offenses-either repeated violations of the same statutory provision or violations of different provisions-arise from a series of acts which are closely related with respect to the offender's single purpose or plan.' " Gooden, 189 Ill. 2d at 219, quoting Ill. Ann. Stat., ch. 38, par. 3-3, Committee Comments-1961, at 102 (Smith-Hurd 1972). Therefore, independent, overt acts that constitute different offenses are not required to be joined because they are not offenses based on the same act. Gooden, 189 Ill. 2d at 219-20.

In Gooden, the defendant was originally charged with home invasion, and 217 days later, the State later added a charge of aggravated criminal sexual assault. Gooden, 189 Ill. 2d at 216. In that case, the defendant entered the residence of his ex-wife and hit her in the head with the gun. Gooden, 189 Ill. 2d at 212. Later that day, the defendant told his ex-wife that he would let her go to the hospital, but he changed his mind. He pulled a knife on her and told her to remove her clothing before he forced her to have sexual intercourse. Gooden, 189 Ill. 2d at 213. The Gooden court ruled that the home invasion and sexual assault charges were based on separate acts and accordingly, compulsory joinder did not require the State to prosecute these charges together. Therefore, the speedy trial term applicable to the home invasion charge did not apply to the sexual assault charge. Gooden, 189 Ill. 2d at 220. However, because the State permissively joined the home invasion and sexual assault charges, the supreme court considered the defendants' speedy trial claim but ultimately concluded that the defendant was not denied a speedy trial on the sexual assault charge. Gooden, 189 Ill. 2d at 220-21.

7

1-05-0276

Here, defendant argues that his counsel should have moved to dismiss count II because it was brought after the expiration of the 120-day period commencing when he was originally charged on July 3, 2002, and it was based on the same act as count I.

Section 111-3(c) of the Code of Criminal Procedure provides:

"When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. However, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial. For the purposes of this Section, 'enhanced sentence' means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense set forth in Section 5-5-1 of the 'Unified Code of Corrections', approved July 26, 1972, as amended; it does not include an increase in the sentence applied within the same level of classification of offense." 725 ILCS 5/111-3(c) (West 2002).

We conclude that defendant's right to a speedy trial was not violated in this case. We also conclude that the principles of compulsory joinder do not apply in this case because

8

defendant was not charged with a "new and additional" offense. First, we point out that the actual charges, counts I and II, both allege the same offense, criminal sexual assault; and defendant was charged under the same section of the Criminal Code of 1961, specifically section 12-13 (a)(1) (720 ILCS 5/12-13(a)(1) (West 2002)) for each count. The only difference between the counts is in the sentencing provision of the section; under section (b)(1), count I is a Class 1 felony, and under section (b)(2), count II is a Class X felony with special sentencing provisions. 720 ILCS 5/12-13(b)(1), (b)(2) (West 2002). Second, we hold that the State was not adding a new charge of criminal sexual assault, but was seeking an enhanced sentence based on defendant's prior conviction. As section 111-3(c) states, a prior conviction is *not* an element of the offense. Absent the inclusion of a prior conviction, count II alleges the same facts as count I. Because count II does not allege any new elements arising from the sexual assault of S.R. that a new and additional charge would allege, there is no new charge. Under section 111-3(c), count II is a request for an enhanced sentence, which the legislature has defined as a "sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense." 725 ILCS 5/111-3(c) (West 2002). Further, the notice to defendant is not at issue when the additional information to a charge is a prior conviction because defendant is presumably aware of his prior conviction. See People v. Watson, 322 Ill. App. 3d 164, 167 (2001) (observing with regard to the recidivism exception in Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), that "the rights of fair notice, proof beyond a reasonable doubt, and a jury trial inherent in due process have already been met with regard to [prior] convictions"); see also Jones v. United States, 526 U.S. 227, 249, 143 L. Ed. 2d 311,

9

1-05-0276

329-30, 119 S. Ct. 1215, 1227 (1999).

Further support for our conclusion that count II is not a new and additional charge can be found in People v. DiPace, 354 Ill. App. 3d 104 (2004). In that case, "the fact of defendant's prior convictions of driving under the influence, along with the fact that his license was revoked for driving under the influence, was used to raise the level of his conviction from a Class A misdemeanor of driving under the influence (625 ILCS 5/11-501(c) (West 2002)), to a Class 2 felony (625 ILCS 5/11-501(c-1)(3) (West 2002)). The fact that defendant's license was revoked for driving under the influence, along with the fact that defendant had been previously convicted of driving while his license was revoked, was used to raise the level of his conviction from a Class A misdemeanor of driving while license revoked (625 ILCS 5/6-303(a) (West 2002)), to a Class 4 felony (625 ILCS 5/6-303(d) (West 2002))." DiPace, 354 Ill. App. 3d at 114. The defendant asserted that "in order to be convicted of Class 2 felony driving under the influence of alcohol or Class 4 felony driving while his license was revoked, the State was required to prove beyond a reasonable doubt, as an element of each crime at trial, that the aggravating factors were present." DiPace, 354 Ill. App. 3d at 114. The reviewing court disagreed and held that the State was not required to prove the defendant's prior convictions as an element of the offense. DiPace, 354 Ill. App. 3d at 114. "The existence of these predicate offenses is used after a defendant's conviction to increase the classification of his crime at sentencing." DiPace, 354 Ill. App. 3d at 114, citing People v. Thompson, 328 Ill. App. 3d 360, 364-66 (2002). The DiPace court noted that "requiring the State to prove the grounds for a conviction or revocation beyond a reasonable doubt at trial would effectively require the State to prove a prior conviction as an element of the

10

crime, which would contravene the plain language of section 111-3(c) of the Code of Criminal Procedure of 1963." DiPace, 354 Ill. App. 3d at 115; see also People v. Bowman, 221 Ill. App. 3d 663 (1991) (finding that under section 111-3(c), the State was not required to show the defendant's prior convictions until sentencing). As the holding in DiPace shows, prior convictions are not considered as an element of the offense and only come into play at sentencing.

Moreover, the cases relied on by defendant do not relate to the precise issue before this court—the amendment of defendant's charging instrument to seek an enhanced sentence based on a prior conviction. In Williams, on 120th day of the term, the State added nine new charges from the same set of facts as the original charges. These "new and additional" charges included three counts of aggravated kidnaping, three counts of kidnaping, two counts of aggravated battery, and one count of unlawful restraint. Williams, 94 Ill. App. 3d at 248. In Gooden, because the home invasion and sexual assault charges were based on separate acts, the compulsory joinder statute did not require the State to prosecute both offenses in the same proceeding. Gooden, 189 Ill. 2d at 220. Also, in People v. Williams, 204 Ill. 2d 191, 200-01 (2003), the State conceded that a later filed charge of first degree murder was subject to compulsory joinder with the initial charge of contributing to the criminal delinquency of a juvenile in connection with the murder. The question before the supreme court was "whether continuances attributable to the defendant on the contributing charge were attributable to him on the murder charge." Williams, 204 Ill. 2d at 201. None of these cases involved a change in classification of the offense based on a prior conviction. All of the cases related to the addition

of new charges with new elements to be presented to the jury that arose from the same facts giving rise to the original charges. That is not the case here. Count II did not allege any new elements or new crimes for which defendant was being charged. The State sought to raise the classification of the offense, that is, to enhance defendant's sentence based on his prior conviction.

Consequently, the speedy trial period was tolled when defendant agreed to numerous continuances between July 23, 2002 and November 26, 2002. Accordingly, because the amendment to defendant's charging instrument did not affect his speedy trial rights, there was no legal basis for defense counsel to move to dismiss count II of the indictment pursuant to a speedy trial violation. See Garcia, 251 Ill. App. 3d at 478-79.

Additionally, we are not persuaded by defendant's argument that the language of section 111-3(d) of the Code fails to protect against a violation of defendant's speedy trial rights in this case. The statute provides:

> "at any time prior to trial, the State on motion shall be permitted to amend the charge, whether brought by indictment, information or complaint, to make the charge comply with subsection (c) or (c-5) of this Section. Nothing in Section 103-5 of this Code precludes such an amendment or a written notification made in accordance with subsection (c-5) of this Section." 725 ILCS 5/111-3(d) (West 2002).

Defendant claims that, because the legislature did not expressly identify subsection (c) in the

1-05-0276

latter sentence, an amendment based on a prior conviction is necessarily precluded from the protection provided to subsection (c-5) against speedy trial dismissals.

Section 111-3(c-5) states:

"Notwithstanding any other provision of law, in all cases in which the imposition of the death penalty is not a possibility, if an alleged fact (other than the fact of a prior conviction) is not an element of an offense but is sought to be used to increase the range of penalties for the offense beyond the statutory maximum that could otherwise be imposed for the offense, the alleged fact must be included in the charging instrument or otherwise provided to the defendant through a written notification before trial, submitted to a trier of fact as an aggravating factor, and proved beyond a reasonable doubt. Failure to prove the fact beyond a reasonable doubt is not a bar to a conviction for commission of the offense, but is a bar to increasing, based on that fact, the range of penalties for the offense beyond the statutory maximum that could otherwise be imposed for that offense. Nothing in this subsection (c-5) requires the imposition of a sentence that increases the range of penalties for the offense beyond the statutory maximum that could otherwise be imposed for the offense if the imposition of that sentence is not required by law." 725 ILCS 5/111-3(c-5) (West

13

1-05-0276

2002).

When interpreting a statute, the primary goal is to give effect to the legislature. People v. Kohl, 364 Ill. App. 3d 495, 499 (2006). Here, the statute provides that "an amendment or written notification made in accordance with subsection (c-5)" will not affect a defendant's speedy trial rights. 725 ILCS 5/111-3(d) (West 2002). The legislature enacted subsection (c-5) in response to the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), which held that whenever a fact other than a prior conviction is considered to enhance a penalty beyond the statutory maximum, that fact must be found beyond a reasonable doubt by the trier of fact. See People v. Crutchfield, 353 Ill. App. 3d 1014, 1023 (2004). The resulting statute requires that the defendant be provided with written notification where an alleged fact, other than a prior conviction, is not an element of the offense as charged but increases the sentencing range. 725 ILCS 5/111-3(c-5) (West 2002). However, pursuant to subsection (c), written notification is not required where a sentence is enhanced based on a prior conviction. Compare 725 ILCS 5/111-3(c-5) (West 2002) with 725 ILCS 5/111-3(c) (West 2002). Accordingly, the legislature expressly included the phrase "in accordance with subsection (c-5)" to modify the requirement of written notification, not to limit the protection of amendments pursuant to subsection (c) against speedy trial dismissals. 725 ILCS 5/111-3(d) (West 2002). Any other interpretation would lead to an absurd result. See Kohl, 364 Ill. App. 3d at 499.

Defendant next contends that his constitutional right to testify was violated. Specifically, defendant argues that waiver cannot be presumed and the record fails to establish that he

14

"voluntarily, knowingly, and intelligently" waived his right to testify. The State responds that no violation occurred because the trial court was not required to admonish defendant of his right to testify and defendant failed to indicate that he wished to exercise that right.

The ultimate decision whether to testify belongs to defendant. People v. Ramey, 152 Ill. 2d 41, 54 (1992). However, our supreme court has firmly established that a defendant seeking reversal of his conviction on the basis that he was precluded from testifying at trial must demonstrate that he "contemporaneously asserted his right to testify by informing the trial court that he wished to do so." People v. Smith, 176 Ill. 2d 217, 234 (1997). Further, our supreme court determined that the trial court is not required "to advise a defendant of his right to testify, to inquire whether he knowingly and intelligently waived that right" or to ensure that the record establishes defendant's waiver of that right. Smith, 176 Ill. 2d at 235.

In the instant case, defendant failed to assert his right to testify. The record is devoid of any evidence that defendant alerted the trial court that he wanted to testify. *Cf.* People v. Whiting, 365 Ill. App. 3d 402, 407 (2006). We decline to adopt defendant's totality of the circumstances analysis to the instant issue. Although the right to testify is a fundamental right belonging to the defendant (Whiting 365 Ill. App. 3d at 407), our supreme court has expressly distinguished the waiver of that right from a jury waiver and a voluntary guilty plea. Smith, 176 Ill. 2d at 234-35. Accordingly, we find that defendant waived his right to testify.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

CAHILL, J., concurs.

15

1-05-0276

1-05-0276

JUSTICE GARCIA, dissenting.

The majority holds that the Class X version of criminal sexual assault is not a "new and additional" charge because no new element was added which means "counts I and II, both allege the same offense." Slip op. at 8. Because count II alleges the same offense, no ineffective assistance of counsel issue is raised founded on a claimed violation of the defendant's speedy trial rights by the State's filing of a new indictment more than 120 days after the start of the defendant's continuous custody. While not providing direct authority for its "same offense" holding, the majority finds support under section 111-3(c) of the Code, which clearly states that a prior conviction is not an element of the "higher level classification of offense." 725 ILCS 5/111-3(c) (West 2002). Hence, this case involves merely the use of a prior conviction to impose an "enhanced sentence," which only comes into play at sentencing (725 ILCS 5/111-3(c) (West 2002)). Slip op. at 10. According to the majority, "the precise issue before this court [is] the amendment of defendant's charging instrument to seek an enhanced sentence based on a prior conviction." Slip op. at 10-11. I cannot agree.

The precise issue before us is whether the State has the right to bring a <u>new</u> <u>indictment</u> more than 120 days after the start of the defendant's continuous custody. This case does not involve an "amendment." The State did not seek to "amend the charge," nor did the State seek to proceed "on motion," as provided by section 111-3(d). 725 ILCS 5/111-3(d) (West 2002). Instead, the State proceeded by way of an indictment returned more than 120 days as provided in the speedy trial provision. As discussed below, this is not just a matter of form, but of substance.

The majority also points out that "notice to defendant is not at issue when the additional

17

information to a charge is a prior conviction because defendant is presumably aware of his prior conviction." Slip op. at 9. While "notice" of a defendant's prior conviction is not at issue, timely "notice" of the higher classification offense (and hence the corresponding penalties) returned by a new indictment is. In my judgment it was the State that was put on "notice" that it had 120 days from the start of the defendant's continuous custody to file any new and additional charges. When it failed to do so, it lost that opportunity. In any event, section 111-3(c) clearly places the burden to provide "notice" upon the State and not upon the defendant. 725 ILCS 5/111-3(c) (West 2002).

New and Additional Charge

The defendant never made bail. He was arrested on June 11, 2002. On June 12, 2002, he filed a written demand for trial. On July 3, 2002, the defendant was charged by information with a single count, a Class 1 criminal sexual assault. On October 25, 2002, more than 120 days after his arrest and his written demand for trial, the information was superceded by a grand jury indictment charging the defendant with two counts, the original Class 1 offense and a Class X version of criminal sexual assault.

I do not agree that "new and additional" should be read to exclude the situation presented in this case. While the phrase "new and additional" is not contained in the speedy-trial statute, it has been recognized as having particular significance "within the meaning of the speedy-trial statute." People v. Woodrum, 223 Ill. 2d 286, 300, 860 N.E.2d 259 (2006).

I am persuaded that adding count II, charging a more serious offense by classification, falls within the plain and ordinary meaning of "new and additional." The State began the

prosecution of the defendant with a one-count information.  It then sought to proceed to trial on a two-count indictment.  It seems inescapable that adding a Class X offense to the originally filed Class 1 charge means that a "new" charge has been added.

It seems equally inescapable that going from a single-count charging instrument to a charging instrument with two charges means that an "additional" charge has been added.  I submit there is no basis for the majority's reading of "new and additional" to exclude the adding of an enhanced charge from the reach of this phrase.  That an enhanced charge is based on the "same facts" with elements identical to the pending charges does not take the charge out of the plain and ordinary meaning of "new and additional."  Cf. People ex rel. Daley v. Datacom Systems Corp., 146 Ill. 2d 1, 15, 585 N.E.2d 51 (1991) (when a term is not defined by statute, we may assume the term possesses its ordinary and popularly understood meaning).

The purpose of the rule, first enunciated in People v. Williams, 94 Ill. App. 3d 241, 418 N.E.2d 840 (1981), "is to prevent the State from surprising a defendant with new and additional charges, thereby circumventing the defendant's statutory right to a speedy trial." Woodrum, 223 Ill. 2d at 300.  Allowing the State to add to the pending charge an enhanced version of that charge provides a means for the State to do precisely that - circumvent the defendant's statutory right to a speedy trial.  The open-ended right of the State, as found by the majority, to add a Class X version of that "same" offense to a pending charge beyond the 120-day speedy-trial period is incongruous with the legislature's intent clearly expressed in the speedy trial statute as to when "new and additional" charges may be filed.  See People v. Williams, 204 Ill. 2d 191, 788 N.E.2d 1126 (2003).

1-05-0276

Having concluded that counts I and II are but one offense, the majority states, "[P]rinciples of compulsory joinder do not apply in this case because defendant was not charged with a 'new and additional' offense." Slip op. at 8. The majority offers no authority for this claim. My reading of our supreme court's holdings in People v. Quigley, 183 Ill. 2d 1, 697 N.E.2d 735 (1998), and People v. Williams, 204 Ill. 2d 191, is that our analysis of a claim of a speedy trial violation involving charges not pending against the defendant at the time of his arrest or the filing of his written demand for trial must include consideration of "compulsory joinder principles."

At oral argument the State conceded, as it must, that the original charge and the enhanced charge had to be tried jointly. I take the supreme court to mean exactly what it said in Quigley and Williams. "Once a speedy-trial demand is filed, the multiple charges are subject to the same speedy-trial period. If the charges are required to be brought in a single prosecution, the speedy-trial period begins to run when the speedy-trial demand is filed, even if the State brings some of the charges at a later date." Quigley, 183 Ill. 2d at 13. " '[H]ad the sexual assault charges been required under section 3-3(b) to have been joined, we would not allow the State to circumvent the original speedy-trial term.' " Williams, 204 Ill. 2d at 204, quoting People v. Gooden, 189 Ill. 2d 209, 222, 725 N.E.2d 1248 (2000). Given the analysis by our supreme court of such claims, it seems clear that the later-filed charge of the Class X version of criminal sexual assault was too late.

As the majority points out, the supreme court answered the question "whether continuances attributable to the defendant on the [pending] charge were attributable to him on the

20

1-05-0276

[later-filed charge]" in Williams, 204 Ill. 2d at 201. The supreme court said No. The majority seeks to distinguish this case from Williams by noting that Williams did not "involve[] a change in classification of the offense based on a prior conviction." Slip op. at 11. True, but I see no importance in that distinction. And, the majority puts forth no argument why that difference between the cases is a distinction worthy of a different outcome. The majority's conclusion that "the speedy trial period was tolled when defendant agreed to numerous continuances between July 23, 2002 and [October 25, 2002]" (slip op. at 11) is subject to the same fallacy that the majority in the appellate court employed in Williams. " '[W]e continue to believe that it is illogical to hold that continuances which are attributable to a defendant on an original charge are not attributable to a defendant on a latter-filed [*sic*] charge where that charge is subject to compulsory joinder.' " Williams, 204 Ill. 2d at 205, quoting People v. Williams, No. 5-99-0452 (unpublished order under Supreme Court Rule 23). The supreme court rejected that logic. "If the initial and subsequent charges filed against the defendant are subject to compulsory joinder, delays attributable to the defendant on the initial charges are not attributable to the defendant on the subsequent charges." Williams, 204 Ill. 2d at 207. In words of the first Williams case, " 'Continuances obtained in connection with the trial of the original charges cannot be attributed to defendants with respect to the new and additional charges because these new and additional charges were not before the court when those continuances were obtained. ' " (Emphasis in original.) Williams, 204 Ill. 2d at 201, quoting Williams, 94 Ill. App. 3d at 249.

Section 111-3(c)

Section 111-3(c) of the Code is a notice provision enacted for the benefit of the

21

1-05-0276

defendant. "The legislature enacted section 111-3(c) to ensure that a defendant received notice, before trial, of the <u>offense</u> with which he is charged." (Emphasis in original.) <u>People v. Jameson</u>, 162 Ill. 2d 282, 290, 642 N.E.2d 1207 (1994). I find no authority, and the majority offers none, that section 111-3(c) also serves as a savings provision for the State to invoke when it fails to file an enhanced offense against a defendant within 120 days of the start of his continuous custody or, under the majority's version, a new count charging the "same offense" but subject to an enhanced sentence based on a prior conviction. Why should this "same offense" be treated any differently than any other offense that is subject to compulsory joinder, when the State itself treated count II as a distinct offense by seeking a grand jury indictment to add that charge? My difference with the majority is that I find no authority conferring upon the State the right to add a higher classification of the pending charge by way of a new indictment under section 111-3(c) after the expiration of the 120 days set out in the speedy trial statute. Nor has the State offered any policy considerations to support reading section 111-3(c) this way.

The majority's interpretation turns section 111-3(c) from a notice provision meant to inform a defendant of the penalties he will face upon conviction into a provision allowing the State to add a greater classification of the same offense beyond the speedy trial term. This is not only unwarranted based on the language of section 111-3(c) but also violates the long-observed tenet that a criminal statute is to be strictly construed in favor of the accused. See <u>People v. Chandler</u>, 129 Ill. 2d 233, 254, 543 N.E.2d 1290 (1989). Statutory interpretation is not a tool to be utilized by courts attempting to remedy apparent oversights by rewriting statutes in a way that contravenes their clear and unambiguous language. <u>People v. Taylor</u>, 221 Ill. 2d 157, 162-63,

22

1-05-0276

850 N.E.2d 134 (2006). In effect, the majority's reading of section 111-3(c) would create the very type of "loophole" the supreme court made clear it intended to close in <u>Williams</u>. <u>Williams</u>, 204 Ill. 2d at 207 ("we close a loophole which would allow the State to circumvent a statutorily implemented constitutional right"). Nor has the State offered any excuse for its late addition to the pending charge of an enhanced version of that charge, and the majority has insisted on none. To the extent the defendant was "aware of his prior conviction," the State was equally "aware of his prior conviction" as the Office of the Cook County State's Attorney was the prosecuting agency that obtained that very conviction. Slip op. at 9.

## Conclusion

In my judgment, the rule should be simple: if a count is added by way of a new charging instrument, there is a "new and additional" charge for purposes of speedy trial analysis. In this case, because the State elected to proceed by way of a new indictment to add the enhanced offense, there was no "amendment" of the pending charge to the exclusion of the speedy trial provision. See 725 ILCS 5/111-3(d) (West 2002).

Accordingly, the defendant has established that his trial counsel was deficient in failing to move for a dismissal of the later-filed charge and, to the extent the defendant was convicted of a Class X offense and sentenced accordingly, he was prejudiced. See <u>People v. Staten</u>, 159 Ill. 2d 419, 431, 639 N.E.2d 550 (1994). (In fact, the defendant here faced up to a 30-year sentence for the Class 1 conviction under the extended-term provisions based on his prior conviction. 730 ILCS 5/5-5-3.2(b)(1), 5-8-2 (West 2002); see <u>People v. Pittman</u>, 326 Ill. App. 3d 297, 761 N.E.2d 171 (2001).)

23

I would remand this case for sentencing under the Class 1 offense the defendant was originally charged with and properly convicted of. See People v. Dixon, 91 Ill. 2d 346, 353-54, 438 N.E.2d 180 (1982) (remand for sentencing on lesser charge where conviction and sentence of greater offense vacated).

Therefore, I dissent.