# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Wells*, 2012 IL App (1st) 083660

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL WELLS, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-08-3660 |
| Filed | March 9, 2012 |
| Rehearing denied | April 10, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant was initially charged with two counts of aggravated stalking based on a violation of an order of protection and later the State filed an indictment identical to the earlier information with the exception of correction of the case number of the order of protection that was allegedly violated, defendant's convictions under the indictment and the sentence imposed were upheld, notwithstanding defendant's contention that the State failed to charge the acts that constituted the aggravating factor within 120 days in violation of defendant's right to a speedy trial, since the only difference between the two charging instruments was the case number, no new or additional charges were brought against defendant, compulsory joinder did not apply, and the correction of the case number was a formal defect the State could have corrected under section 111-5 of the Code of Criminal Procedure. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 05-CR-7929; the Hon. Clayton J. Crane, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Heidi Linn Lambros, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Miles J. Keleher, and Sheilah O'Grady-Krajniak, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE McBRIDE delivered the judgment of the court, with opinion.
Justices J. Gordon and Howse concurred in the judgment and opinion.

**OPINION**

¶ 1 Michael Wells was found guilty of two counts of aggravated stalking and subsequently was sentenced to three years' imprisonment. On appeal, defendant argues that his convictions for aggravated stalking should be reduced to simple stalking because the State failed to charge the acts that constituted the aggravating factor within 120 days in violation of defendant's right to a speedy trial.

¶ 2 On March 11, 2004, Lakita Strawder and defendant appeared before the trial court to advance an emergency order of protection. The trial court entered a plenary order of protection for Strawder and her children against defendant, her estranged husband, continued until April 1, 2004. The conditions of the order of protection were published to the court. The judge asked defendant if he understood, he responded that he did, and the judge noted on the record, "Acknowledge receipt." The order of protection was initially entered under case number 04-437243. However, a second order of protection was entered, stating at the top of the first page "Corrected Case # 04-437096." The second and third pages of the order of protection show the number 04-437243 crossed out and 04-437096 handwritten below it. The orders of protection were identical, except the case number. The plenary order of protection in case number 04-437096 was continued at subsequent court dates.

¶ 3 On April 13, 2004, in case number 04 CR 9190, defendant was charged by information with two counts of aggravated stalking. Count I alleged that defendant committed the offense of aggravated stalking

"in that HE, KNOWINGLY AND WITHOUT LAWFUL JUSTIFICATION, ON AT LEAST TWO SEPARATE OCCASIONS, PLACED LAKITA [STRAWDER] UNDER SURVEILLANCE, TO WIT: ON MARCH 11, 2004, [DEFENDANT] TELEPHONED LAKITA [STRAWDER] AND INDICATED THAT HE WAS WATCHING HER RESIDENCE, AND ON MARCH 12, 2004, [DEFENDANT] TELEPHONED LAKITA [STRAWDER] AND INDICATED THAT HE WAS WATCHING HER, AND [DEFENDANT] TRANSMITTED A THREAT TO LAKITA [STRAWDER] OF IMMEDIATE OR FUTURE BODILY HARM, TO WIT: ON MARCH 11, 2004,

-2-

[DEFENDANT] THREATENED TO KILL LAKITA [STRAWDER], AND IN CONJUNCTION WITH COMMITTING THE OFFENSE OF STALKING, [DEFENDANT] VIOLATED AN ORDER OF PROTECTION UNDER CASE NUMBER 04-437243, IN VIOLATION OF CHAPTER 720, ACT 5, SECTION 12-7.4(A)(1) OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED AND Contrary to the Statute, and against the peace and dignity of the People of the State of Illinois."

¶ 4        Count II alleged that defendant committed the offense of aggravated stalking

"in that HE, KNOWINGLY AND WITHOUT LAWFUL JUSTIFICATION, ON AT LEAST TWO SEPARATE OCCASIONS, PLACED LAKITA [STRAWDER] UNDER SURVEILLANCE, TO WIT: ON MARCH 12, 2004 [DEFENDANT] WENT TO LAKITA [STRAWDER'S] RESIDENCE AND LEFT A NOTE ON HER MOTOR VEHICLE, AND ON MARCH 12, 2004, [DEFENDANT] WENT TO LAKITA [STRAWDER'S] RESIDENCE ARMED WITH A FIREARM AND DISCHARGED THAT FIREARM, AND [DEFENDANT] TRANSMITTED A THREAT TO LAKITA [STRAWDER] OF IMMEDIATE OR FUTURE BODILY HARM, TO WIT: ON MARCH 11, 2004, [DEFENDANT] THREATENED TO KILL LAKITA [STRAWDER], AND IN CONJUNCTION WITH COMMITTING THE OFFENSE OF STALKING, [DEFENDANT] VIOLATED AN ORDER OF PROTECTION UNDER CASE NUMBER 04-437243, IN VIOLATION OF CHAPTER 720, ACT 5, SECTION 12-7.4(A)(1) OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED AND Contrary to the Statute, and against the peace and dignity of the People of the State of Illinois."

¶ 5        In January 2005, defendant filed a "motion to dismiss charge pursuant to 725 ILCS 5/114-1." In the motion, defendant argued that the case number 04-437243 was stricken by the State and cannot be the basis for the charge of aggravated stalking.

¶ 6        On April 1, 2005, the State filed an indictment against defendant in the instant circuit court case number 05 CR 7929. The State charged defendant with two counts of aggravated stalking. Both counts are identical to the previously charged counts, except the alleged violated order of protection stated "case number 04-437096." The State then nol-prossed the first information in case number 04 CR 9190.

¶ 7        On July 22, 2005, defendant informed the trial court that he would like to represent himself. The trial court admonished defendant about proceeding *pro se*, but allowed defendant to represent himself. Defendant then made an oral motion to quash the indictment on speedy trial grounds. The trial court conducted a hearing on defendant's motion on August 31, 2005. At the hearing, defendant argued that the 13-month delay in filing the new indictment was "presumptively prejudicial" and that he was not "apprised with reasonable certainty of the precise offense in which he was charged, enabling the Defendant to prepare a proper defense." The State responded that the new indictment did not raise new facts, but instead "contained the exact words, exact same dates, exact same victim, everything, just changed the order of protection that was in effect." The trial judge found that the new indictment alleged the same facts as in the first charges and denied defendant's motion.

¶ 8　　On September 22, 2005, defendant, now represented by counsel, filed a motion to reconsider defendant's motion to quash the indictment. Defendant argued that no valid order of protection was issued in case No. 04-437096 and the continuances under the previous case could not be charged against defendant. The State maintained that there were no new and additional charges alleged in the indictment and defendant was on notice of the charges against him. The State asserted that it was "a technical error of a number of an order of protection which was an incorrect error in the original indictment.[1] And that was corrected by a reindict." At the October 2005 hearing on the motion to reconsider, the trial court denied the motion, finding that defendant was placed on notice as to the order of protection and defendant was informed "of the appropriate charges in order for him to defend himself in this case."

¶ 9　　In September 2007, defendant, represented by a new trial counsel, filed a motion to dismiss the indictment based on a violation of defendant's right to a speedy trial. At the hearing on the motion, defense counsel argued that the new indictment brought a new charge against defendant that was based upon a different order of protection. Defense counsel asserted that the new charges were subject to compulsory joinder and continuances on the original charges were not attributable to defendant under the new indictment. The State responded that the charges from the new indictment were not subject to compulsory joinder because the charges were based on the same facts and the only change was the number of the order of protection. The trial court found that the only difference between the two charging instruments is the number of the order of protection and "[t]here's no question the facts arise the same [*sic*], everything arises the same." The court held that defendant was "informed of what act he is charged with, the date, [and] the individuals involved" and denied the motion to dismiss.

¶ 10　　Since defendant has raised one issue, the speedy trial violation, we will only discuss the evidence at trial as necessary for this appeal.

¶ 11　　At defendant's bench trial, Strawder testified that she and defendant were married in 2000, but separated in 2002. On March 11, 2004, she went to court to obtain a restraining order against defendant, which the trial court issued. After court, defendant asked Strawder if they could get back together. When Strawder responded in the negative, defendant replied that if he could not have her, no one would. Throughout that day, Strawder received continuous calls from defendant. She recognized defendant's voice when she answered the phone. Defendant again asked Strawder to get back together and when she said no, defendant threatened to kill her. That night, she started to leave the house with her children, but saw defendant driving down her street. Defendant said he wanted to talk to her, but then threatened to kill her. Defendant called her at 4 a.m. and threatened to kill her again.

¶ 12　　The next morning, March 12, Strawder found a note under her windshield wiper. She recognized it as defendant's handwriting. The note said, "Don't get caught coming out of my house again you've been warned." She reported the incident to the police. At around 11 p.m. that night, Strawder was inside her residence with her children and a friend, Eric Lemon. She

---

[1]The original charge, as pointed out above, was by information.

was sitting by a window looking outside when she saw defendant running toward the house with a gun. She hit the panic button on her alarm system and called the police. Strawder went with her children to a bedroom. She heard defendant banging on the windows and door and then she heard gunshots. Lemon testified that he saw defendant walk onto Strawder's porch, bang on the door, ring the doorbell, and yell. Lemon saw defendant pull out his gun and fire three times at the house and three times at Lemon's truck before walking down the street. Lemon found three bullet holes in his truck.

¶ 13 Veronica Coleman testified for the defense. She stated that she had three children with defendant. She worked for the United States Post Office and on March 9, 2004, the branch she worked at was robbed. She was admitted to the University of Illinois-Chicago hospital due to stress and complications from her diabetes. She remained in the hospital from March 9 to March 16. She testified that defendant took care of the children while she was at the hospital. She said he took the children to school and then spent the day with her until he needed to pick the children up from school. In the evening, he was at the hospital with the children and then drove them to Coleman's house in South Holland.

¶ 14 Defendant testified on his own behalf. He stated that on March 11, he took the children to school, then went to court. After court, defendant went to work and told his boss that he could not work because of Coleman's illness. He then went to the hospital. He testified that he did not receive an order of protection and denied calling Strawder or leaving a note on her car.

¶ 15 On cross-examination, defendant admitted that the plenary order of protection was issued on March 11 and that he knew and understood the terms of the order. He admitted that he wrote Strawder letters while incarcerated and offered to pay for the damage to Lemon's truck. Defendant admitted to shooting Lemon's truck. He said he was in the vicinity of Strawder's house, but did not shoot at Strawder's house or ring the doorbell.

¶ 16 The trial court found defendant guilty on both counts of aggravated stalking. Defendant filed a motion for a new trial, including a claim that the motion to dismiss indictment should have been granted. The trial court denied the motion. Subsequently, the trial court sentenced defendant to a term of three years' imprisonment.

¶ 17 This appeal followed.

¶ 18 On appeal, defendant argues that his convictions for aggravated stalking should be reduced to stalking because his right to a speedy trial was violated when the State failed to charge the act that constituted the aggravating factor, the violation of the order of protection, within 120 days. Defendant contends that under the original charging instrument, he could not have been convicted of aggravated stalking because no valid order of protection existed in case number 04-437243. Therefore, when the State indicted defendant for committing the same acts in violation of the order of protection in case number 04-437096, the charges were new and additional and subject to compulsory joinder. Since the State failed to bring these new charges within 120 days of filing the original information, his right to a speedy trial was violated.

¶ 19 The State responds that the charges were not subject to compulsory joinder because the indictment only changed the municipal case number for the order of protection, which did

not constitute new and additional charges.

¶ 20    Defendants possess both constitutional and statutory rights to a speedy trial. U.S. Const., amends. VI, XIV; Ill. Const.1970, art. I, § 8; 725 ILCS 5/103-5(a) (West 2004). "While these provisions address similar concerns, ' "the rights established by each are not necessarily coextensive." ' " *People v. Woodrum*, 223 Ill. 2d 286, 298 (2006) (quoting *People v. Mayo*, 198 Ill. 2d 530, 535 (2002), quoting *People v. Hall*, 194 Ill. 2d 305, 326 (2000)). Here, defendant only asserts a violation of his statutory right to a speedy trial and has not raised a constitutional issue.

¶ 21    Pursuant to section 103-5 of the Code of Criminal Procedure of 1963, a defendant in custody must be tried within 120 days from the date he was taken into custody, "unless delay is occasioned by the defendant." 725 ILCS 5/103-5(a) (West 2004). If a defendant in custody is not tried within the 120-day period, he must be discharged. See 725 ILCS 5/103-5(d) (West 2004). The speedy trial period is tolled when the defendant contributes to or causes a delay of the trial. *Hall*, 194 Ill. 2d at 326-27; see 725 ILCS 5/103-5(a) (West 2004). Continuances, where defense counsel has affirmatively agreed and has not reasserted his demand for trial, will toll the speedy trial term. See *People v. Andrade*, 279 Ill. App. 3d 292, 296-98 (1996); see also 725 ILCS 5/103-5(a) (West 2004). However, delays attributable to a defendant on the original charges are not always attributable to subsequently filed charges. *Woodrum*, 223 Ill. 2d at 299.

> " 'Where new and additional charges arise from the same facts as did the original charges and the State had knowledge of these facts at the commencement of the prosecution, the time within which trial is to begin on the new and additional charges is subject to the same statutory limitation that is applied to the original charges. Continuances obtained in connection with the trial of the original charges cannot be attributed to defendants with respect to the new and additional charges because these new and additional charges were not before the court when those continuances were obtained.' " *Woodrum*, 223 Ill. 2d at 299 (quoting *People v. Williams*, 94 Ill. App. 3d 241, 248-49 (1981)).

¶ 22    The supreme court has clarified that this rule is only applicable when the initial and subsequent charges are subject to compulsory joinder. *People v. Phipps*, 238 Ill. 2d 54, 66 (2010).

¶ 23    Here, defendant contends that since the State knew about the order of protection in case number 04-437096 when it charged defendant with aggravated stalking in April 2004, this aggravating factor should have been charged at that time. Because the new and additional aggravating factor was not brought against defendant until April 2005, beyond the completion of the speedy trial term, defendant's conviction for aggravated stalking must be vacated and the conviction reduced to stalking. Thus, the sole question on appeal is whether the aggravated stalking charges from the later indictment constitute new and additional charges, subject to compulsory joinder. Since this involves a comparison of the charges and the facts are not in dispute, this is a legal issue that we review *de novo*. *Woodrum*, 223 Ill. 2d at 300.

¶ 24    The supreme court has said that the purpose of the "new and additional charges" rule is

to prevent a " 'trial by ambush.' " *Woodrum*, 223 Ill. 2d at 300 (quoting *People v. Williams*, 204 Ill. 2d 191, 207 (2003)). Without this rule,

" '[t]he State could lull the defendant into acquiescing to pretrial delays on pending charges, while it prepared for a trial on more serious, not-yet-pending charges. *** When the State filed the more serious charges, the defendant would face a Hobson's choice between a trial without adequate preparation and further pretrial detention to prepare for trial.' " *Woodrum*, 223 Ill. 2d at 300 (quoting *Williams*, 204 Ill. 2d at 207).

¶ 25      Further, the supreme court in *Phipps* explained:

"The rationale for the rule, therefore, centers on whether the defendant had adequate notice of the subsequent charges to allow preparation of a defense. The focus is on whether the original charging instrument gave the defendant sufficient notice of the subsequent charges to prepare adequately for trial on those charges. If the original charging instrument gives a defendant adequate notice of the subsequent charges, the ability to prepare for trial on those charges is not hindered in any way. Thus, when the State files the subsequent charge, the defendant will not face 'a Hobson's choice between a trial without adequate preparation and further pretrial detention to prepare for trial.' *Williams*, 204 Ill. 2d at 207. Rather, the defendant may proceed to trial on the subsequent charges with adequate preparation instead of being forced to agree to further delay. In those circumstances, the rationale for declining to attribute to the defendant delays in connection with the original charges does not apply." *Phipps*, 238 Ill. 2d at 67-68.

¶ 26      In *Woodrum*, the defendant was charged with child abduction. Later, the State amended the charges to add the phrase " 'for other than a lawful purpose,' " but otherwise the allegations were identical. *Woodrum*, 223 Ill. 2d at 292. The supreme court declined to hold that the amended charges were new and additional charges because the defendant "could not have been surprised by the subsequent charges because they were essentially the same as the original ones." *Woodrum*, 223 Ill. 2d at 301. The court found that the defendant's right to a speedy trial had not been violated and the delays attributable to the defendant on the previous indictments continued to be attributable to him on the subsequent indictments. *Woodrum*, 223 Ill. 2d at 301.

¶ 27      In *Phipps*, the defendant was originally charged with and pled guilty to reckless homicide, but later the State moved to vacate the guilty plea after the Illinois legislature found the reckless homicide statute to be void and that the appropriate charge was aggravated driving under the influence. *Phipps*, 238 Ill. 2d at 57-58. The trial court granted the motion and the State charged the defendant with aggravated driving under the influence. *Phipps*, 238 Ill. 2d at 58.

¶ 28      On appeal, the supreme court reviewed both charging instruments and found that both alleged the same conduct. *Phipps*, 238 Ill. 2d at 68. Additionally, reckless homicide and aggravated driving under the influence had essentially the same elements and provided the same penalty. *Phipps*, 238 Ill. 2d at 68. The supreme court observed that "[t]he critical point for our speedy-trial analysis in this case, however, is not whether the State charged defendant under the correct version of the reckless homicide statute, but whether the original indictment gave defendant adequate notice to prepare his defense to the subsequent charge." *Phipps*, 238

Ill. 2d at 69. The court concluded that the aggravated driving under the influence charge was not new and additional for speedy trial purposes. *Phipps*, 238 Ill. 2d at 70.

¶ 29     This court in *People v. Davis*, 373 Ill. App. 3d 351 (2007), considered a speedy trial challenge. In that case, the defendant was originally charged with one count of criminal sexual assault. Later, the defendant was indicted on two charges. The first was the original count of criminal sexual assault and the new count alleged criminal sexual assault with an enhanced penalty, Class X, based on a prior conviction for criminal sexual assault. Both counts involved the same act with the same victim. *Davis*, 373 Ill. App. 3d at 353. On appeal, the defendant argued that his trial counsel was ineffective for failing to move to dismiss the criminal sexual assault based on a prior conviction because it violated his right to a speedy trial. *Davis*, 373 Ill. App. 3d at 354.

¶ 30     This court found that the defendant's right to a speedy trial was not violated and compulsory joinder did not apply because the defendant was not charged with a new and additional charge. Rather, the new count alleged the same facts as the first count, but with an enhanced sentence based on the defendant's prior conviction. *Davis*, 373 Ill. App. 3d at 357. The court also found that notice to the defendant was not at issue since he was presumably aware of his prior conviction. *Davis*, 373 Ill. App. 3d at 358. "Count II did not allege any new elements or new crimes for which defendant was being charged. The State sought to raise the classification of the offense, that is, to enhance defendant's sentence based on his prior conviction." *Davis*, 373 Ill. App. 3d at 359.

¶ 31     Here, both charging instruments alleged the same conduct with the only difference being the number of the order of protection. Both charging instruments alleged two counts of aggravated stalking based on acts that occurred on March 11 and 12, 2004, in which defendant repeatedly called Strawder, left a note on her windshield wiper, came to her house armed with a firearm and fired shots toward the house, and threatened to kill Strawder in violation of an order of protection. The later indictment did not bring any new and additional charges against defendant and compulsory joinder does not apply in this case. As the supreme court has held, the focus of the rule for new and additional charges is whether the defendant had sufficient notice of the additional charges to be able to prepare his defense. See *Phipps*, 238 Ill. 2d at 67. Under the circumstances of the present case, defendant had adequate notice to prepare his defense because the charges were identical. The only change was to correct a technical error, an incorrect case number for the order of protection. Similar to *Davis*, defendant admitted at trial that he knew of the order of protection obtained by Strawder and the record shows that defendant was served with the order of protection in court. The factual basis was the same for both charging instruments and defendant was informed of the charges against him. As the supreme court found in *Woodrum*, "defendant could not have been surprised by the subsequent charges because they were essentially the same as the original ones." *Woodrum*, 223 Ill. 2d at 301.

¶ 32     Further, we point out that under section 111-5 of the Code of Criminal Procedure of 1963, an indictment or information may be amended at any time to correct formal defects, including a miswriting. 725 ILCS 5/111-5 (West 2004). "Formal amendment is warranted especially where the defendant is not surprised or prejudiced or where the record shows he was otherwise made aware of the actual charge." *People v. Milton*, 309 Ill. App. 3d 863, 866

(1999). "Formal defects are distinguished from substantive changes that alter the nature and elements of the offense charged." *Milton*, 309 Ill. App. 3d at 866. Formal amendments do not implicate speedy trial rights. *Milton*, 309 Ill. App. 3d at 866. In the instant case, the correction of the case number for the order of protection was a formal defect which the State could have corrected under section 111-5. The indictment did not alter the nature of the offense or the elements. As previously stated, it was identical to the prior charging instrument except for the correction of the case number of the order of protection. Accordingly, the indictment did not raise a new and additional charge when the State corrected a formal mistake and defendant's speedy trial rights were not implicated.

¶ 33 Based on the foregoing reasons, we affirm defendant's conviction and sentence.

¶ 34 Affirmed.