THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PEGGY CLARK, Defendant-Appellant.

Third District    No. 80-543

Opinion filed May 28, 1981.

Robert Agostinelli and Thomas Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

Warren T. McNeill, State's Attorney, of Monmouth (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Following a jury trial in the Circuit Court of Warren County, the defendant, Peggy Clark, was found guilty of the unlawful delivery of a controlled substance (3,4-methylenedioxyamphetamine (MDA)). The

trial was conducted in the defendant's absence pursuant to section 115—4.1(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 115—4.1(a)). At a subsequent sentencing hearing, from which the defendant was also absent, the trial court considered a presentence report and then sentenced the defendant to a term of two years imprisonment.

Because a detailed recitation of the facts in the case is not necessary to a resolution of the issues raised on appeal, the following summary of events will suffice. John Linden, an undercover purchasing agent working under the alias "Billy Kern" for the Multi-County Narcotic Enforcement Group, called the defendant at 5 p.m. on November 6, 1979, and asked her if she could obtain an ounce of MDA for him. The defendant said she thought she could obtain the MDA and asked Linden to call her again. When Agent Linden called at 7:30 p.m., arrangements were made to meet the defendant at her house and drive to Rock Island to obtain the MDA. The defendant informed Agent Linden that the ounce would cost $570.

Two surveillance teams followed Linden and Rodney Meyer, a confidential source, to the defendant's home. Rodney Meyer was not subpoenaed for the defendant's trial.

Following a brief discussion in the defendant's home, Agent Linden and Rodney Meyer entered the defendant's vehicle along with David Mathis, whose case was joined with that of the defendant, and the defendant's son, Sean Hendrickson, for the trip to Rock Island. Meyer and Linden sat in the back seat. In the first block of the trip, while still in Warren County, Linden handed $570 over the seat to the defendant.

Upon arriving in Rock Island, the defendant pulled over to the curb at 1202 17th Street. She and Mathis then exited her vehicle. She instructed Sean to drive around for 15 minutes and then return to pick her up. During this period, surveillance agent Brenkman observed the defendant and Mathis enter a nearby house. Approximately 30 minutes later, Sean and the others returned with the vehicle, and were joined by the defendant and Mathis. The defendant stated that she had the MDA. At this time, the group returned to the defendant's house in Alexis. There Agent Linden obtained the bag of MDA from the defendant and departed with Meyer at 10:30 p.m.

George Whitlach, a forensic scientist with the Illinois Bureau of Scientific Services, testified that, in his opinion, the substance obtained by Agent Linden was 3,4-methylenedioxyamphetamine or MDA. No evidence was presented on behalf of the defense.

The information originally issued against the defendant charged:

"That on or about November 5, 1979, in Warren County, Peggy Clark committed the offense of unlawful delivery of a controlled

substance in that said defendant knowingly and unlawfully delivered to John Linden 27.8 grams of methylenedioxyamphetamine (MDA), a controlled substance, otherwise than as authorized in the Controlled Substances Act in violation of Chapter 56½, Section 1401, Paragraph (b), Illinois Revised Statutes. Class 2 felony."

At the close of its case, the State was permitted to amend the information to replace the notation "27.8 grams of" with "3,4." The latter notation is a chemical numbering system for carbon atoms. Defense counsel then moved to strike the information because the evidence did not show that MDA was a narcotic as required by section 401(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1979, ch. 56½, par. 1401(b)). Section 401(b), violation of which is a Class 2 felony, relates to narcotic drugs, while section 401(c), a Class 3 felony, encompasses nonnarcotic drugs. (Ill. Rev. Stat. 1979, ch. 56½, pars. 1401(b) and 1401(c).) The trial court then allowed the State's motion to amend the information a second time to state that the offense was charged under subparagraph (c), rather than subparagraph (b).

Since MDA is not a narcotic substance, delivery of any amount of MDA less than 300 grams is a Class 3 felony, properly charged under section 401(a)(7)(iv) and section 401(c) (Ill. Rev. Stat. 1979, ch. 56½, pars. 1401(a)(7)(iv), 1401(c)). It is the trial court's allowance of the State's motion to amend the information from an instrument charging a violation of 401(b) to one charging a violation of 401(c), that the defendant raises as her first issue on appeal. Specifically, the defendant asserts that the trial court erred in permitting the amendment where the altered information changed the nature and classification of the offense. Relying on the reasoning in *People v. Betts* (1979), 78 Ill. App. 3d 200, 397 N.E.2d 106, the defendant contends that the amendment improperly altered a fundamental defect in the charging instrument.

■■ While it is true that fundamental defects cannot be amended (*People v. Heard* (1970), 47 Ill. 2d 501, 266 N.E.2d 340), mere formal defects in a charging instrument may be amended at any time. (*People v. Troutt* (1977), 51 Ill. App. 3d 656, 366 N.E.2d 370.) A variance between the charging instrument and the proof presented at trial is not fatal where the offense charged is sufficiently set forth to enable an accused to properly prepare her defense and raise the judgment as a plea in bar to a later prosecution for the same offense. *People v. Taylor* (1980), 84 Ill. App. 3d 467, 405 N.E.2d 517.

■■ In the case at bar, we view the substitution of "paragraph 1401(c), a Class 3 felony" for the phrase "paragraph 1401(b), a Class 2 felony" in the information, as a permissible amendment of a mere, formal defect. The offense charged against the defendant, unlawful delivery of MDA,

remained the same after the amendment. The only effect of the alteration was to state correctly the applicable sentence. (See *People v. McCarty* (1981), 93 Ill. App. 3d 498, 418 N.E.2d 26.) The defendant has shown no prejudice as a result of the reference to section 401(b), as opposed to paragraph 401(c) in the information, nor has she demonstrated how the error could result in double jeopardy. In determining that the amendment was permissible in this case, we do not thereby condone the sloppiness and inattention to detail apparent on the part of the state's attorney who prepared the information. Given a modicum of care in the drafting of the charging instrument, no amendments should have been required.

*People v. Betts* (1979), 78 Ill. App. 3d 200, 397 N.E.2d 106, is distinguishable from the instant case. In *Betts*, the reviewing court reversed the defendant's conviction where the state's attorney had amended an indictment to alter the charged offense from one of delivery of a controlled substance, which is a narcotic under section 401(b), to one of delivery of a nonnarcotic controlled substance under section 401(c). In finding error, the court noted the deference traditionally accorded a grand jury under the common law. The trial court was found to have infringed upon the grand jury's prerogatives by allowing the state's attorney to amend the indictment. The court noted that had the grand jury known the facts warranted only the lesser charge of delivery of a nonnarcotic, it might have decided the defendant's conduct did not warrant a criminal prosecution. Likewise, *People v. Troutt* (1977), 51 Ill. App. 3d 656, 366 N.E.2d 370, where reverification was held to be a necessary step in the material alteration of a charging instrument, is not supportive of the defendant's position in the case at bar.

In the instant case, the offense was charged by information and never alleged the delivery of a narcotic. The decision to propose any alterations was clearly within the province of the state's attorney.

The defendant next challenges the constitutionality of section 115—4.1 of the Code of Criminal Procedure of 1963, which permits trials *in absentia* where the defendant wilfully avoids trial. (See Ill. Rev. Stat. 1979, ch. 38, pars. 113—4(d), 115—4.1.) Specifically, she alleges that the *trial-in-absentia* statute is unconstitutional as it violates due process of law and her rights to be present, to defend against the charges, to have effective assistance of counsel, and to confront the witnesses against her. She also asserts that the statute is unconstitutional as applied to her, because she was never informed that she could waive her right to confrontation by her absence, and because the State failed to send her notice of the trial date by certified mail, as required by the statute. In addition, she asserts her trial *in absentia* was an abuse of the trial court's discretion, even if the statute is found to be constitutional. Lastly, she contends the trial court

erred in sentencing her *in absentia* where no notice of the sentencing hearing was sent to her.

As to all issues raised, we affirm.

The defendant was arrested on February 1, 1980, but posted bond on February 4, 1980. She retained counsel and waived preliminary hearing. On March 27, 1980, the defendant was arraigned on the instant charge and three others. She entered a plea of not guilty and demanded a jury trial in each of the cases, which were consolidated over a defense objection. The cases were placed on the jury calendar, and the trial judge admonished the defendant that she could be tried in her absence if she failed to appear. The case was continued until July 28, 1980. Although the defendant was not present at any of the interim hearings, her attorney was present at each. On July 28, 1980, the defendant failed to appear, and after a hearing which showed that the defendant was wilfully absenting herself, her trial proceeded *in absentia*.

■■ In a criminal trial, the defendant has a constitutional right to be present during all stages of the trial. (*People v. Mallett* (1964), 30 Ill. 2d 136, 195 N.E.2d 687.) Trials conducted in the absence of a defendant are not favored and trial courts are reluctant to permit a trial to proceed in the defendant's absence. (*People v. Summers* (1973), 12 Ill. App. 3d 893, 299 N.E.2d 462.) However, a defendant may not prevent her trial by voluntarily absenting herself from the proceeding. *People v. Pace* (1975), 34 Ill. App. 3d 440, 339 N.E.2d 785.

In *Taylor v. United States* (1973), 414 U.S. 17, 38 L. Ed. 2d 174, 94 S. Ct. 194, the United States Supreme Court held that there is no constitutional prohibition against trying a defendant *in absentia* after the defendant has voluntarily absented himself from his trial. (Accord, *People v. McInnis* (1980), 85 Ill. App. 3d 109, 406 N.E.2d 199.) The Illinois Supreme Court, in *People v. Steenbergen* (1964), 31 Ill. 2d 615, 203 N.E.2d 404, *cert. denied* (1965), 382 U.S. 853, 15 L. Ed. 2d 92, 86 S. Ct. 104, held that a defendant free on bail, as was the defendant in the case at bar, has a duty to be present at all stages of his trial.

The defendant contends that the *trial-in-absentia* statute (Ill. Rev. Stat. 1979, ch. 38, par. 115—4.1), differs from those cases cited above, which permit a defendant's trial to proceed in his absence where the defendant is present at the beginning stages of trial but thereafter voluntarily absents himself from the proceedings, by unconstitutionally permitting a trial when the defendant is absent from all proceedings. We disagree and hold that the challenged statute represents a logical extension of the waiver doctrine inherent in *Taylor, Steenbergen,* and *McInnis*.

In *People v. Powell* (1981), 95 Ill. App. 3d 93, the reviewing court found the *in absentia* statute (Ill. Rev. Stat. 1979, ch. 38, par. 115—4.1)

constitutional on its face. We concur with the reasoning and the result of the *Powell* court. Furthermore, the defendant in the case at bar has failed to show how any of her specific constitutional rights were violated in her absence.

The admonishment given to the defendant in *Powell* under section 113—4(d) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 113—4(d)) included a warning that the trial could be held in the defendant's absence, with the attendant inability of the defendant to confront witnesses or to cross-examine witnesses. In the instant case, the defendant's admonishment referred only to a trial *in absentia*. We do not find this admonishment fatal, however, as it satisfies statutory requirements.

The defendant complains that she was unaware of the trial date because no notice was sent to her by certified mail as required by statute. (Ill. Rev. Stat. 1979, ch. 38, par. 115—4.1.) Although we find the trial court erred in failing to send notice of the trial date, we determine that such error is harmless since the defendant's attorney was aware of the date and such knowledge on the part of the attorney is deemed constructively to be imparted to the defendant.

■■ Regarding the defendant's final contention that the trial court improperly sentenced her *in absentia*, we elect to adopt the reasoning of the court in *People v. McInnis* (1980), 85 Ill. App. 3d 109, 406 N.E.2d 199. The *McInnis* court held that by voluntarily absenting himself from the trial, the defendant has waived his right to be present at all stages of the trial, including the sentencing hearing.

*People v. Evans* (1961), 21 Ill. 2d 403, 172 N.E.2d 799, and *People v. Davis* (1968), 39 Ill. 2d 325, 235 N.E.2d 634, upon which the defendant relies, are clearly distinguishable. In *Evans*, the defendant's conviction was reversed following his trial *in absentia* where the supreme court found that the defendant had not effectively waived his right to be present during his trial. However, the situation in *Evans* differs markedly from that in the present case. In *Evans*, no evidence was presented to show that the defendant was wilfully avoiding trial; rather, his attorney notified the defendant that his trial probably would not take place for a few days, and on this advice, the defendant accepted a construction job out of state. Upon learning of the commencement of the trial in his absence, the defendant returned immediately. This situation is far different than in the instant case where the defendant knew of the trial date and the evidence showed that she wilfully absented herself from the proceedings.

The *Davis* court found the defendant's trial in his absence unconstitutional based upon the fact that the defendant was never represented by

counsel. In the case at bar, the defendant was represented by retained counsel throughout all proceedings.

For the foregoing reasons, the judgment of the Circuit Court of Warren County is affirmed.

Affirmed.

SCOTT, P. J., and BARRY, J., concur.