THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PRIMO ARROYO FLORES, Defendant-Appellant.

First District (4th Division)   Nos. 1—91—3223, 1—91—3302 cons.

Opinion filed July 29, 1993.

Gerda N. Barker, Mitchell D. Kreiter, and Thomas A. Gibbons & Associates, all of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Veronica X. Calderon, and Michelle R. Martone, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HOFFMAN delivered the opinion of the court:

Following a bench trial, defendant, Primo Arroyo Flores, was convicted of three counts of delivery of controlled substances (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(a)(2)) and sentenced to six years' imprisonment. He now appeals his conviction, claiming that the trial court erred in allowing the State, during its rebuttal argument, to amend one count of the indictment to specify the controlled substance as cocaine instead of heroin.

Defendant was charged by indictment with two counts of delivery of cocaine and one count of delivery of heroin. He proceeded to a bench trial along with two codefendants. We summarize the relevant evidence below.

Officer James Kizart testified that on November 16, 1989, during a narcotics investigation for the Illinois State Police, he met defendant at the tavern where defendant worked and purchased two packets of cocaine from him in exchange for $150. On December 13, 1989, Kizart returned to the tavern with another officer and purchased six

more packets of cocaine from defendant at a price of $300. On January 10, 1990, Kizart returned a third time intending to purchase more cocaine from defendant, but when he learned defendant was not present, he purchased six packets of the substance from codefendants, who were also employed there. Kizart testified that later that evening he received a call from defendant and made arrangements to purchase more cocaine from him. Kizart subsequently returned to the tavern on January 16, 1990, to effectuate this purchase and met defendant in the parking lot. Defendant entered Kizart's car and directed him to another location where defendant gave Kizart two ounces of cocaine in exchange for $2,200 from Kizart. Defendant was then arrested and advised of his *Miranda* rights.

The parties stipulated that if called to testify police department crime laboratory chemists would state that the substance defendant sold to Kizart on November 16, 1989, was one gram of cocaine; the substance defendant sold on December 13, 1989, was three grams of cocaine; and the substance sold on January 16, 1990, was 55.9 grams of cocaine.

During closing arguments, defendant requested a finding of not guilty as to the third count of the indictment because it charged that the substance delivered on January 16, 1990, was heroin, whereas the proof at trial indicated it was cocaine. The court denied defendant's request and granted the State leave to amend the indictment to substitute cocaine for heroin. The court then entered a finding of guilty as to each charge.

Defendant subsequently argued a motion in arrest of judgment in which he contended that the amendment prejudiced him because, had he known the third count against him was delivery of cocaine rather than heroin, he would have raised an entrapment defense. The court denied this motion, and defendant now appeals from this ruling.

Defendant's sole contention on appeal is that the trial court committed reversible error in allowing the indictment to be amended because the revision was a substantive one which resulted in a charge of a completely new offense. The original indictment charged that defendant "delivered *** 15 grams or more but less than 100 grams of a substance containing a certain controlled substance, to wit: heroin," in violation of section 401(a)(1) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(a)(1)) (the Act). The State sought to substitute the controlled substance "heroin" with "cocaine" under section 401(a)(2) of the Act. Ill. Rev. Stat. 1989, ch. 56½, par. 1401(a)(2).

Section 111—5 of the Code of Criminal Procedure of 1963 permits the amendment of an indictment at any time on motion by defendant or the State to correct formal defects, including a miswriting. (Ill. Rev. Stat. 1989, ch. 38, par. 111—5; *People v. Wallace* (1991), 210 Ill. App. 3d 325, 335, 568 N.E.2d 1332.) Such amendment is permissible if the change is not material or does not alter the nature and elements of the offense charged. (*People v. Hirsch* (1991), 221 Ill. App. 3d 772, 777, 582 N.E.2d 1228.) Formal amendment is warranted especially where there is no resulting surprise or prejudice to the defendant or where the record clearly shows that he was otherwise aware of the actual charge against him. *People v. Jones* (1973), 53 Ill. 2d 460, 292 N.E.2d 361; *Wallace*, 210 Ill. App. 3d 325; *People v. Wise* (1984), 128 Ill. App. 3d 330, 470 N.E.2d 1155.

This court has repeatedly held that an error in the citation of the statute giving rise to a charge is a mere technical defect which is subject to amendment (*People v. House* (1990), 202 Ill. App. 3d 893, 560 N.E.2d 1224; *People v. McBrien* (1986), 144 Ill. App. 3d 489, 494 N.E.2d 732), particularly where the sections involved are not separate and distinct offenses but are simply different ways in which the same offense may be committed. (*People v. Castro* (1983), 113 Ill. App. 3d 265, 446 N.E.2d 1267.) Additionally, in *People v. Clark* (1981), 96 Ill. App. 3d 491, 421 N.E.2d 590, the court upheld an amendment at the close of the State's case to correct a charge of a certain substance as a non-narcotic, Class 3 felony, when it had been erroneously charged under a section encompassing narcotic drugs, which was a Class 2 felony.

Where the victim of a crime has been misidentified, it is permissible to revise the indictment to reflect the correct person. In *People v. Jones* (53 Ill. 2d 460, 292 N.E.2d 361) the State sought to amend an armed robbery indictment on the morning of trial to substitute the name of the correct victim. The supreme court upheld the indictment even though it determined that the victim's identity in armed robbery cases was an essential element that needed to be pleaded and proved. (*Jones*, 53 Ill. 2d at 463.) Noting the trend away from the formalism of past criminal pleading, the court stated:

"The liberalization of criminal pleading *** reflects a lessening in importance of the indictment's secondary functions. The indictment as a means of informing defendants of particulars concerning the case is now far overshadowed by the array of discovery procedures available to the defense. Similarly, the time when an indictment defined the limits of jeopardy has passed and a prior prosecution on the same facts may be

proved by resort to the record. [Citation.] The primary safeguard of indictment by grand jury, which remains secured to criminal defendants, is to protect individuals from the caprice of the public prosecutor." (*Jones*, 53 Ill. 2d at 464.)

Thus, the court found that because the correct victim was readily discernible from the record, the amendment to reflect that fact was permissible.

Section 401(a) of the Act, under which defendant was charged here, precludes the delivery or manufacture of numerous specific controlled substances, including more than 15 but less than 100 grams of heroin or cocaine. The section classifies the delivery of both substances as a Class X felony. Although the indictment in this case technically specified the substance as heroin, the testimony before the grand jury as to the January 16 delivery established unequivocally that it was cocaine, not heroin. Similarly, all of the evidence at trial pertained exclusively to cocaine. As a result, defendant was not surprised by the amendment. Further, although defendant suggests he was prejudiced because he was not aware that the January 16 charge was for cocaine, he agreed to a stipulation that the substance he sold to Kizart on that date was cocaine. Moreover, when the court ruled that it would allow the amendment, defendant made no request to reopen the proofs to assert his entrapment defense.

Defendant relies on *People v. Betts* (1979), 78 Ill. App. 3d 200, 397 N.E.2d 106, and *People v. Troutt* (1977), 51 Ill. App. 3d 656, 366 N.E.2d 370, which we find distinguishable.

In *Betts* (78 Ill. App. 3d at 201), the indictment charged delivery of "Dexedrine, a controlled substance *** which is a narcotic" (emphasis omitted) under section 401(b), which was subsequently amended to charge delivery of dexedrine, "a controlled substance *** which is not a narcotic," under section 401(c). (See Ill. Rev. Stat. 1973, ch. 56½, pars. 1401(b), (c).) The appellate court found that the amendment was improper because the grand jury intended to charge defendant with delivery of a narcotic and because the offense was changed from a Class 2 felony to a Class 3 felony with different penalties. In this case, however, the grand jury intended to charge defendant with delivery of cocaine and after the amendment, the nature of the offense remained a Class X felony with the same penalty.

In *Troutt*, defendant was arrested and charged by information with possession of amphetamine based on a field test. The information was later amended to charge possession of phencyclidine based on the results of a laboratory test. The appellate court found that the amend-

ment materially changed the nature and elements of the offense even though it did not change the statutory section or the possible penalty. In this case, the amendment to the indictment similarly did not change the statutory section or the possible penalty. However, unlike *Troutt*, where the State intended to charge defendant with possession of amphetamine, the amendment in this case changed the type of controlled substance to reflect what the grand jury intended to charge, which was delivery of cocaine.

Under these circumstances, we conclude that the amendment was formal and that there was no hint of surprise or prejudice to defendant by its allowance. For the foregoing reasons, defendant's conviction is affirmed.

Affirmed.

JOHNSON and CAHILL, JJ., concur.