# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Shipp*, 2011 IL App (2d) 100197

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PHILLIP M. SHIPP, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-0197 |
| Filed | October 5, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The State's amendment of an information charging defendant with unlawful possession of cocaine with intent to deliver under section 407(b)(2) of the Controlled Substances Act to charge unlawful possession of cocaine with intent to deliver under section 407(b)(1) of the Act, a Class X felony, was a formal change arising from a miswriting, not a material change, defendant's speedy trial right was not implicated, and his counsel was not ineffective in failing to bring a motion to discharge, since the facts never changed; therefore, defendant's conviction and sentence were affirmed. |
| Decision Under Review | Appeal from the Circuit Court of Stephenson County, No. 07-CF-94; the Hon. Michael P. Bald, Judge, presiding |
| Judgment | Affirmed. |

Counsel on
Appeal

Thomas A. Lilien and Mark G. Levine, both of State Appellate
Defender's Office, of Elgin, for appellant.

John H. Vogt, State's Attorney, of Freeport (Lawrence M. Bauer and
Barry W. Jacobs, both of State's Attorneys Appellate Prosecutor's Office,
of counsel), for the People.

Panel

JUSTICE BIRKETT delivered the judgment of the court, with opinion.
Presiding Justice Jorgensen and Justice Hudson concurred in the
judgment and opinion.

# OPINION

¶ 1     Defendant, Phillip M. Shipp, appeals from his conviction of possession of more than 1 gram but less than 15 grams of cocaine with intent to deliver within 1,000 feet of a church (720 ILCS 570/401(c)(2) (West 2000); 720 ILCS 570/407(b)(1) (West 2006)), a Class X felony. He contends that his trial counsel was ineffective for failing to move to discharge on speedy-trial grounds when the State was allowed to amend the information, which previously cited the Class 1 felony provision for possession with intent to deliver (720 ILCS 570/401(d) (West 2000); 720 ILCS 570/407(b)(2) (West 2006)). He contends that the amendment was a material change that charged a new offense. The State contends that the speedy-trial provisions were not implicated because the amendment was formal to correct a miswriting. We agree that the amendment was formal. Accordingly, we affirm.

¶ 2                              I. BACKGROUND

¶ 3     In the early morning hours of April 21, 2007, officers executed a search warrant at Shipp's home. Shipp was not home at the time. Inside, they found 0.1 grams of cocaine, a scale, a baggie corner with powder residue, baggies without corners, and 20.3 grams of cannabis. No paraphernalia for consuming drugs was found. The house was within 1,000 feet of a church.

¶ 4     Shipp arrived home shortly after, and officers approached him. According to one officer, Shipp tossed an item that resembled a golf ball in a sandwich bag, and two pieces of paper also floated to the ground. Another officer did not see Shipp throw anything, but did not have Shipp's hands in view at all times. A neighbor who was watching from his kitchen window did not see Shipp throw anything. The general area was one in which there were a lot of drug sales. After a struggle, Shipp was handcuffed, and the officers then found two $20 bills and 12 grams of cocaine in a baggie nearby on the ground. Shipp had $416 in one pants pocket

and $363 in another.

¶ 5    Shipp was taken into custody on April 21, 2007. He was initially charged by complaint with possession of a controlled substance with intent to deliver under section 407(b)(2). He also was charged with possession of cannabis (720 ILCS 550/4(c) (West 2006)) and resisting a peace officer (720 ILCS 5/31-1 (West 2006)). On May 17, 2007, he was charged with the same offenses by information. The section 407(b)(2) charge alleged that, on April 21, 2007, while within 1,000 feet of a church, Shipp "knowingly possessed with intent to deliver to another person in violation of 570/401(c) more than 1 gram but less than 15 grams of a substance containing cocaine, a controlled substance."

¶ 6    At the arraignment, John Vogt was present for the State, and David Vella was representing Shipp. The following colloquy occurred:

"THE COURT: Now, Mr. Vogt, you might wanna examine your charging document, 'cause the charging document reads different than the–the–the wording is different than the charge itself. 4-407(b)(2) [*sic*] refers to an amount less than–less than a gram.

MR. VELLA: I'm okay with that.

THE COURT: What?

MR. VELLA: I'm okay with that. We can leave it.

THE COURT: I mean if you want, I'd–I'll leave it like that. I don't–but it's–it's a misnomer in sorts [*sic*].

I'll admonish in regard to that then."

¶ 7    The court then admonished Shipp that a violation of section 407(b)(2) was a Class 1 felony with a sentencing range of 4 to 15 years' incarceration, a period of mandatory supervised release, and a fine of up to $250,000. Vogt did not voice any concern about the language in the information or the admonitions. Shipp pleaded not guilty, and motions for discovery and a bond reduction were then discussed among the court and both of the attorneys.

¶ 8    Shipp remained in custody until January 25, 2008, when he was released on bond. In February 2009, he was arrested on other charges and, on February 5, 2009, he surrendered in exoneration of bond.

¶ 9    On February 2, 2009, the parties appeared, and the defense voiced concern that, since the State was basing the charge primarily on the cocaine found outside Shipp's home, the jury might become confused if items from inside the home were also allowed into evidence. Defense counsel also noted that the charge had been misworded from the beginning, and he stated that he assumed the State was going to try to prove possession of less than 1 gram under section 407(b)(2) on the basis of the 12 grams that were found outside the home. Defense counsel was concerned that, if the State were allowed to provide evidence of both amounts of cocaine found, the jury might determine that the amount outside was not shown beyond a reasonable doubt to belong to Shipp, but might convict because the amount inside did belong to him.

¶ 10   A different assistant State's Attorney, Joe Lentz, was present at the hearing, and Shipp was then represented by Byron Sloan. The following colloquy occurred:

"MR. LENTZ: Okay, Judge, as I indicated earlier, I assume this file has–is the information as filed under the sub-section that–407, is it still 407(b)(2), or has it ever been amended to (b)(1)?

THE COURT: It's exactly as was indicated as Mr. Sloan has indicated, the Court pointed out at the time of the preliminary hearing. It had the incorrect–something incorrect, either in the body, or in the lettering, or whatever. I pointed that out at the preliminary hearing. I admonished the Defendant in regard to a class 1. It's remaining the same. Exactly as is, ever since then.

MR. LENTZ: Okay.

THE COURT: So that's what it is.

MR. LENTZ: Okay. Judge, what I would ask to do is amend just the code section to conform with the body of the language. I believe the language what is referring to an X, but the code section refers to a 1, so I would ask to amend that to a (b)(1)?

MR. SLOAN: Judge, they can't do that at this point. He's been indicted on a class 1. That would require another information and another indictment, if they wish to proceed that way. I'm sorry, but another preliminary hearing or another formal charge. We have been proceeding all this time–and I've got transcripts of your comments at that time, that we have been proceeding all of this time on a class 1. They can't amend it on the eve of trial and bring an enhanced charge without any superceded indictment or a preliminary, or anything.

MR. LENTZ: Well, what I would say, Judge, is that it should be–well, the text of the information is that it's a class X. I'll be at [*sic*] the code section was (b)(2), it should have been a (b)(1). I don't think there's any kind of–I would argue that there should be no surprise as to that Judge.

THE COURT: Part of the Court agrees with you and part of the Court agrees with the idea that that's exactly what we pointed out a long time ago, Mr. Lentz. Way back on the date of the preliminary hearing as Mr. Sloan says. It says it right in the transcript, I'm certain of it, because I can still recall pointing that out at the time, and I'm quite surprised that the State never corrected this in one way or another, at all."

¶ 11 Lentz again asked to amend the information, stating that he believed that the matter was a scrivener's error. The defense argued that it had faced a Class 1 charge the entire time and that the State could not enhance it simply by changing the statutory citation on the information.

¶ 12 The court noted that the State had been on notice of the matter and that the court had admonished Shipp on a Class 1 felony. But the court also stated that it found probable cause based on facts that would support the Class X felony. Over defendant's objection, the court allowed the amendment and admonished Shipp on the Class X charge, but noted that, because the class of the felony changed, it would allow a continuance. The citation to section 407(b)(2) was then changed on the information to section 407(b)(1).

¶ 13 Shipp was convicted and sentenced to 22 years' incarceration on the Class X charge. A motion to reduce sentence was denied, and Shipp appeals.

¶ 15    Shipp contends that his trial counsel was ineffective for failing to file a motion to discharge based on a violation of his speedy-trial rights because, when the information was amended, the same limitations period applied and continuances obtained on the original charge could not be attributed to him with respect to the new charge. He argues that the amendment was material because it altered an essential element of the offense. There is no dispute that, if Shipp is correct, he was not timely brought to trial.

¶ 16    A claim of ineffective assistance of counsel is reviewed according to the two-prong, performance-prejudice test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Boyd*, 363 Ill. App. 3d 1027, 1034 (2006). "To obtain relief under *Strickland*, a defendant must prove that defense counsel's performance fell below an objective standard of reasonableness and that this substandard performance caused prejudice by creating a reasonable probability that, but for counsel's errors, the trial result would have been different." *Id.*

¶ 17    " 'An attorney's failure to seek discharge of his client on speedy-trial grounds generally will be deemed ineffective assistance of counsel if there is a reasonable probability that the defendant would have been discharged had a timely motion for discharge been made and no justification has been proffered for the attorney's failure to bring such a motion.' " *Id.* (quoting *People v. Staten*, 159 Ill. 2d 419, 431 (1994)). Thus, if moving to discharge would have been successful, Shipp's counsel was ineffective for failing to do so.

¶ 18    Section 103-5(a) of the Code of Criminal Procedure of 1963 (Code) provides that a defendant is entitled to a trial within 120 days from the date he was taken into custody unless his own acts occasioned delay. 725 ILCS 5/103-5(a) (West 2006).

¶ 19    "Where new and additional charges arise from the same facts as did the original charges and the State had knowledge of these facts at the commencement of the prosecution, the time within which trial is to begin on the new and additional charges is subject to the same statutory limitation that is applied to the original charges." *People v. Williams*, 94 Ill. App. 3d 241, 248-49 (1981). "Continuances obtained in connection with the trial of the original charges cannot be attributed to defendants with respect to the new and additional charges because these new and additional charges were not before the court when those continuances were obtained." *Id.* However, this rule applies only to new and additional charges that are subject to compulsory joinder under section 3-3 of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/3-3 (West 2006)). *People v. Williams*, 204 Ill. 2d 191, 203 (2003).

¶ 20    Here, the State does not dispute that the charges were based on the same act. Indeed, the act alleged in the text of the information never changed. Instead, the State contends that there was no new or additional charge because the amendment was merely correcting a formal defect as opposed to making a material change. If the matter concerned the amendment of a formal defect, the speedy-trial provisions would not be implicated. See *People v. Izquierdo-Flores*, 367 Ill. App. 3d 377, 385 (2006).

¶ 21    Section 111-3 of the Code requires a charge to include both the statutory provision for the crime and the nature and elements of the offense. 725 ILCS 5/111-3(a)(2), (a)(3) (West

2006); *People v. Troutt*, 51 Ill. App. 3d 656, 661 (1977). Section 111-5 of the Code (725 ILCS 5/111-5 (West 2006)) allows the amendment of an indictment, information, or complaint at any time to correct a formal defect, including a miswriting. *People v. Flores*, 250 Ill. App. 3d 399, 401 (1993). Such an amendment is permissible if the change is not material or does not alter the nature and elements of the charged offense. *Id.* Formal amendment is warranted especially where there is no resulting surprise or prejudice to the defendant or where the record clearly shows that the defendant was otherwise aware of the actual charge. *Id.*

¶ 22 "[A]n error in the citation of the statute giving rise to a charge is a mere technical defect which is subject to amendment [citations], particularly where the sections involved are not separate and distinct offenses but are simply different ways in which the same offense may be committed." *Id.* Also, "[a]mendments of statutory provisions have been allowed where the offense which the grand jury intended to bring was clear and the figures printed on the indictment were only misprints." *People v. Betts*, 78 Ill. App. 3d 200, 202 (1979); see *People v. Milton*, 309 Ill. App. 3d 863, 867 (1999) (intent of the grand jury was clear).

¶ 23 Courts have typically found amendments to be material only where a defendant was surprised by an amendment. For example, in *People v. Patterson*, 267 Ill. App. 3d 933 (1994), the defendant, who was arrested with 517 grams of cocaine, was initially charged by indictment with possession with the intent to deliver more than 15 grams but less than 100 grams of a controlled substance. It was unknown why he was indicted on a reduced charge. Before trial, the State was allowed to amend the indictment to charge possession with intent to deliver more than 400 grams but less than 900 grams. The defendant was convicted, and the First District vacated, stating that, in a drug case, the quantity of a controlled substance possessed by a defendant is an essential element of the charge because the quantity is what defines both the crime and the punishment. *Id.* at 939. Thus, the court held that the amendment was material, and it remanded with directions to enter judgment on the lesser offense and to hold a new sentencing hearing.

¶ 24 Likewise, in *Betts*, 78 Ill. App. 3d 200, the indictment originally charged the defendant with delivery of a controlled substance that was a narcotic. It later was changed to charge delivery of a controlled substance that was not a narcotic, which lessened the penalty. The First District held that the amendment was material because it changed the penalty, and it did not matter that it lessened the penalty because, had the grand jury known that the facts presented justified prosecution for only a lesser offense, it might have decided that the conduct was not so egregious as to warrant the expense of prosecution. *Id.* at 203-04. However, the *Betts* court also noted that, had the charge been brought by another means, the matter might not have been as prejudicial. *Id.* at 203.

¶ 25 In comparison, courts that have found amendments to be formal normally found that the change did not surprise the defendant. For example, in *Flores*, during closing arguments an amendment was made that changed the controlled substance at issue from heroin to cocaine. The First District held that the amendment was formal because there was no surprise to the defendant. The evidence originally presented to the grand jury dealt with cocaine, all of the evidence at trial pertained exclusively to cocaine, and the defendant had previously stipulated that the substance was cocaine. *Flores*, 250 Ill. App. 3d at 402. *Flores* distinguished *Betts*,

in which the amendment changed the class of felony, and thus changed the penalty. *Id.*

¶ 26    Similarly, in *People v. Clark*, 96 Ill. App. 3d 491(1981), *abrogated on other grounds*, *People v. Ramirez*, 214 Ill. 2d 176 (2005), an information charged the defendant with unlawful delivery of a controlled substance, citing a statutory provision that included the substance as a narcotic. At the close of its case, the State was permitted to amend the information to unlawful delivery of a controlled substance under a statutory section that did not include the same substance as a narcotic, changing the offense from a Class 2 felony to a Class 3 felony. That amendment was in conformance with testimony at trial that the amount and type of substance was actually not within the schedule of narcotics. The Third District observed that the defendant had not alleged prejudice as a result of the change. The court then distinguished *Betts* on the basis that, unlike in *Betts*, the case involved an information, and the decision to alter that was within the province of the State's Attorney. *Id.* at 494. Thus, the court affirmed. *Id.* at 495.

¶ 27    Shipp argues that, as in *Patterson* and *Betts*, the amendment in his case was material because it had the effect of increasing the penalty. However, several key factors distinguish Shipp's case. Both *Patterson* and *Betts* involved an amendment to the factual allegations of an indictment. Thus, in those cases, the actual facts alleged were changed, causing surprise to the defendant and leaving uncertain which charge the grand jury intended. But here, Shipp was charged by information, removing any concern about disregard of grand jury findings. " '[T]he State's Attorney is endowed with the exclusive discretion to decide which of several charges shall be brought, or whether to prosecute at all.' " *People v. White*, 2011 IL 109616, ¶ 25 (quoting *People v. Jamison*, 197 Ill. 2d 135, 161 (2001)). Thus, the decision to alter an information is also within the province of the State's Attorney. See *Clark*, 96 Ill. App. 3d at 494.

¶ 28    Further, because the information stated all along that Shipp was charged with possession with intent to deliver more than 1 gram but less than 15 grams of cocaine, he cannot credibly claim to have been surprised by the amendment. Indeed, Shipp's counsel made it clear in his pretrial motions that the defense was prepared for the State to prove possession of more than one gram. In this regard, we find *White* persuasive. There, the court addressed a plea bargain in which the defendant entered a plea with a factual basis that subjected him to a mandatory enhanced penalty. However, the court did not include the enhancement in the sentence based on the plea agreement. Our supreme court found that the factual basis for the charge controlled. Thus, the court held that the sentence was void. *White*, 2011 IL 109616, ¶ 29.

¶ 29    Likewise, we find the facts alleged in the body of the charge controlling in this case. Those facts, which never changed, clearly charged possession of more than 1 gram but less than 15 grams of cocaine, a Class X felony amount. The only way that the State could have charged the Class 1 felony would have been to amend the charge to change the amount of cocaine. Thus, it is clear that the charge all along was the Class X felony and that the statutory citation was a miswriting. Thus, the amendment of the information was formal, Shipp's speedy-trial right was not implicated, and his attorney was not ineffective for failing to bring a motion to discharge.

¶ 30                          III. CONCLUSION

¶ 31    The amendment of the information was formal. Thus, Shipp was not denied a speedy trial and did not receive ineffective assistance of counsel. Accordingly, the judgment of the circuit court of Stephenson County is affirmed.

¶ 32    Affirmed.