**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190507

Order filed August 23, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of the 13th Judicial Circuit, |
| Plaintiff-Appellant, | ) | La Salle County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-19-0507 |
| | ) | Circuit No. 18-CF-448 |
| LUIS A. FIGUEROA SILVA, | ) | |
| | ) | The Honorable |
| Defendant-Appellee. | ) | Cynthia M. Raccuglia, |
| | ) | Judge, Presiding. |

JUSTICE LYTTON delivered the judgment of the court.
Justice Holdridge concurred in the judgment.
Justice Schmidt dissented.

**ORDER**

¶ 1      *Held*:   Appellate court lacks jurisdiction to consider State's appeal of trial court order denying State's motion to amend indictment where defendant remained subject to bond and his presence was required at future proceedings after order was entered.

¶ 2      In October 2018, the State charged defendant Luis A Figueroa Silva, by indictment, with unlawful possession with intent to deliver more than 900 grams of a substance containing cocaine. 720 ILCS 570/401(a)(2)(D) (West 2018). Five months later, the State filed a motion to amend the

indictment to change the controlled substance from cocaine to fentanyl. The trial court denied the State's motion. The State filed a certificate of substantial impairment and a notice of appeal. We dismiss the State's appeal for lack of jurisdiction.

¶ 3                                      BACKGROUND

¶ 4      On October 17, 2018, defendant was the passenger in a truck stopped on Interstate 80 by an Illinois State Police officer. Another officer arrived with a K9, who sniffed the vehicle and alerted, suggesting the presence of a controlled substance. The truck was towed to another location, where officers searched it and found several packages of a controlled substance. Field testing on the substance showed it was cocaine.

¶ 5      On October 23, 2018, the State charged defendant by indictment with "unlawful possession of controlled substance with intent to deliver (Class X) in that the said defendant knowingly and unlawfully possessed with the intent to deliver more than 900 grams of a substance containing cocaine." Defendant pled not guilty and demanded both a speedy trial and a jury trial.

¶ 6      On January 10, 2019, defendant filed a Motion to Suppress Evidence Illegally Seized and a Motion to Suppress Confession. On January 29, 2019, the State provided documents to defendant, including a report from the Illinois State Police Forensic Science Laboratory dated January 22, 2019, which stated that 993.1 grams of powder from two of the four packages recovered from the truck defendant was travelling in as a passenger were tested and found to contain fentanyl.

¶ 7      On March 15, 2019, the State filed a motion to amend the indictment, pursuant to section 111-5 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/111-5 (West 2018)), to change the controlled substance identified in the indictment from cocaine to fentanyl. Defendant filed a response, arguing that the State's motion should be denied because "[t]he nature of the

2

controlled substance is not a mere formal defect" that could be corrected pursuant to section 111-5 of the Code.

¶ 8    On May 30, 2019, the trial court denied the State's motion to amend. The court's written order from that date (1) set the case for further status on June 26, 2019, (2) reduced defendant's bond and bond conditions to allow him to leave Illinois and return to his home in California, and (3) required defendant to appear at all future court dates with the exception of the June 26, 2019 status hearing.

¶ 9    The State filed a motion to reconsider. On August 21, 2019, the trial court denied the State's motion to reconsider and granted the State leave to file an interlocutory appeal if supported by a certificate of substantial impairment. Immediately thereafter, the State filed a certificate of substantial impairment to proceed to trial. On August 27, 2019, the State filed its notice of appeal.

¶ 10                                    ANALYSIS

¶ 11    An appellate court is obligated to ascertain its jurisdiction before proceeding in a cause of action. *People v. Vara*, 2018 IL 121823, ¶ 12. The determination of whether the appellate court has jurisdiction to consider an appeal is a question of law, which we review *de novo*. *People v. Shinaul*, 2017 IL 120162, ¶ 8.

¶ 12    "The right of appeal is governed by the Supreme Court Rules and must be in compliance therewith." *People v. Kepi*, 65 Ill. App. 3d 327, 331 (1978). "In a criminal case the State may appeal only as permitted by Supreme Court Rule 604(a)." *People v. Johnson*, 113 Ill. App. 3d 367, 370 (1983).

¶ 13    Supreme Court Rule 604(a)(1) provides: "In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114-1 of the Code of Criminal Procedure of 1963; arresting

3

judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." Ill. S. Ct. R. 604(a)(1) (eff. July 1, 2017). Section 114-1 of the Code provides in pertinent part:

"(a) Upon the written motion of the defendant made prior to trial before or after a plea has been entered the court may dismiss the indictment, information or complaint upon any of the following grounds:

(1) The defendant has not been placed on trial in compliance with Section 103-5 of this Code.

(2) The prosecution of the offense is barred by Sections 3-3 through 3-8 of the Criminal Code of 2012.

(3) The defendant has received immunity from prosecution for the offense charged.

(4) The indictment was returned by a Grand Jury which was improperly selected and which results in substantial injustice to the defendant.

(5) The indictment was returned by a Grand Jury which acted contrary to Article 112 of this Code and which results in substantial injustice to the defendant.

(6) The court in which the charge has been filed does not have jurisdiction.

(7) The county is an improper place of trial.

(8) The charge does not state an offense.

(9) The indictment is based solely upon the testimony of an incompetent witness.

(10) The defendant is misnamed in the charge and the misnomer results in substantial injustice to the defendant.

4

(11) The requirements of Section 109-3.1 have not been complied with." 725

ILCS 5/114-1 (West 2018).

¶ 14    The grounds set forth in section 114-1 are not exclusive. *People v. Lawson*, 67 Ill. 2d 449, 456 (1977). "When Rule 604(a) made explicit the right of the State to appeal on grounds set forth in section 114-1 \*\*\*, it was not intended to reduce the range of the State's right to appeal but to make clear that the State had a right to appeal from dismissals on any of the [11] grounds of dismissal set forth in section 114-1." *People v. Love*, 39 Ill. 2d 436, 439 (1968); see also *People v. Marbly*, 85 Ill. App. 3d 935, 937 (1980) ("it was not the intent of Rule 604(a) to limit the State's right to appeal to section 114-1 grounds alone").

¶ 15    "It is the substantive effect of a trial court's pretrial order, not the label of the order or its underlying motion, that controls appealability under Rule 604(a)(1)." *People v. Baltimore*, 381 Ill. App. 3d 115, 123 (2008) (citing *People v. Drum*, 194 Ill. 2d 485, 489 (2000)). Where the substantive effect of the trial court's order is dismissal of the criminal charges against the defendant, the State may appeal the order under Rule 604(a) even if the order does not meet one of the grounds enumerated in section 114-1. See *In re Pryor*, 111 Ill. App. 3d 851, 853 (1982); see also *Lawson*, 67 Ill. 2d at 455 ("a trial court does have an inherent authority to dismiss an indictment in a criminal case where there has been a clear denial of due process even though that is not a stated ground in section 114-1"); *Marbly*, 85 Ill. App. 3d at 937 (1980) (allowing State to appeal trial court order denying reinstatement of case even though it is not listed in section 114-1).

¶ 16    An order does not have the substantive effect of dismissing the criminal charges against a defendant where (1) the defendant is still subject to bond after the order is entered, or (2) further proceedings are contemplated by the trial court. See *People v. Scholin*, 62 Ill. 2d 372, 373 (1975);

5

see also *People v. Heddins*, 66 Ill. 2d 404, 406 (1977) ("It is *** obvious that the order which held defendant to bail and contemplated 'further proceedings in this cause' did not effect the dismissal of the charge."). "[W]here the trial court *** orders that the defendant be held on bond pending further proceedings [citation], the intent to dismiss the charge is negated by the court's contemplation of further proceedings, and thus such an order is not appealable." *People v. Harris*, 68 Ill. App. 3d 12, 15-16 (1979).

¶ 17        Here, when the trial court denied the State's motion to amend the indictment, it also (1) set the case for further status, (2) reduced, but did not eliminate, defendant's bond and bond conditions, and (3) required defendant to appear at future court dates. Because defendant remained on bond and the court contemplated further proceedings after it entered its order, the order did not have the substantive effect of dismissing the charge against defendant and, thus, was not appealable by the State. See *Heddins*, 66 Ill. 2d at 406; *Scholin*, 62 Ill. 2d at 373; *Harris*, 68 Ill. App. 3d at 15-16. We dismiss the State's appeal for lack of jurisdiction.

¶ 18                                CONCLUSION

¶ 19        For the foregoing reasons, we dismiss the State's appeal.

¶ 20        Appeal dismissed.

¶ 21        JUSTICE SCHMIDT, dissenting:

¶ 22        The State has a right to appeal from a final order of the court when the impact of that order is to dismiss an indictment. Ill. S. Ct. R. 604(a)(1) (eff. July 1, 2017). The majority relies on the fact that defendant remained on bond and the court contemplated further proceedings in concluding that the denial of the motion to amend did not have the substantive effect of dismissing the indictment. *Supra* ¶ 17. I disagree and therefore respectfully dissent.

6

¶ 23    After denying the motion to amend the court asked the State whether the ruling significantly impacted the prosecution of the case. The State responded "absolutely" to which the court in turn responded "I think so. That's why I said what I did." Defense counsel then requested to proceed with presenting evidence. The court explained,

"THE COURT: We're not going to proceed on evidence if there's not a case.

MR. DURKEE [(DEFENSE ATTORNEY)]:  Understood.

THE COURT: Which by my ruling you substantially interfered with their case."

¶ 24    A review of the motion to reconsider proceedings further reveals the erroneous nature of the majority's holding. Specifically, the following dialogue took place:

"THE COURT: Bail will be exonerated, and the charges are dismissed.

MR. LOMBARDI [(ASSISTANT STATE'S ATTORNEY)]: Well, we were actually asking that there be—this case be held in abeyance pending the disposition of the appeal.

MR. DURKEE: And I don't have any objection to that. I just want the bail exonerated.

THE COURT: I will exonerate the bail and hold the case in abeyance, yes."

¶ 25    The lower court recognized that the ruling denying the motion to amend had the substantive impact of dismissing the charges. That is why the court directed the State to file a certificate of

impairment for an interlocutory appeal, exonerated the bond, moved to dismiss the charges, and did not establish a calendar for further proceedings.

¶ 26        Even ignoring the statements of the court in denying the motion to amend and the motion to reconsider proceedings, in finding we lack jurisdiction, the majority relies on the machinations of a circuit court that explicitly stated, "I don't really have an answer *** [b]ut I have to rule" when confronted with the motion to amend. Not only is this error but also the quintessential example of exalting form over substance.

¶ 27        Defendant argued below that the State is barred from seeking another indictment based on fentanyl due to speedy-trial considerations, namely, compulsory joinder (720 ILCS 5/3-3 (West 2018). *Contra*, *People v. Hunter*, 2013 IL 114100, ¶ 10 (quoting *People v. Quigley*, 183 Ill. 2d 1, 13 (1998)), quoting *People v. Williams*, 94 Ill. App. 3d 241, 248-49 (1981) (" ' "Where new and additional charges arise from the same facts as did the original charges *and the State had knowledge of these facts at the commencement of the prosecution*, the time within which trial is to begin on the new and additional charges is subject to the same statutory limitation that is applied to the original charges." ' ") (Emphasis added.); *People v. Ursery*, 364 Ill. App. 3d 680, 689-90 (2006). The State conceded this point without offering much in the way of analysis. Nonetheless, if defendant is correct in his assertion, the ruling complained of in this instance is similar to an order granting a motion to suppress the fentanyl evidence, as the State is precluded from pursuing a charge based on fentanyl. Further, there is no evidence of cocaine. How can the State proceed on a charge of possession of cocaine with intent to deliver in the absence of cocaine? This order has the substantive effect of suppressing the fentanyl evidence and dismissing the charge based on cocaine. The State has grounds on which to appeal, and this court has jurisdiction.

¶ 28    Turning to the merits, we are asked to decide whether the denial of the State's motion to substitute one controlled substance for another within the same class and carrying the same penalty constituted an abuse of discretion. The circuit court made clear that it did not know the answer and wanted the appellate court to issue a ruling. My colleagues decline this invitation, so I must accept.

¶ 29    "Section 111-5 of the Code (725 ILCS 5/111-5 (West 2006)) allows the amendment of an indictment, information, or complaint at any time to correct a formal defect, including a miswriting." *People v. Shipp*, 2011 IL App (2d) 100197, ¶ 21 (citing *People v. Flores*, 250 Ill. App. 3d 399, 401 (1993)). Amending a charging instrument is warranted where there is no resulting surprise or prejudice to the defendant or where the record shows that the defendant was otherwise aware of the actual charge. *Id.* An amendment is substantive, rather than formal, when "(1) it materially alters the charge, and (2) it cannot be determined whether the grand jury intended the alteration." *People v. Milton*, 309 Ill. App. 3d 863, 866 (1999). This distinction between substantive and formal defects "rests, at least in part, on the fact that where there are substantive changes as opposed to technical defects, it cannot be known whether a grand jury would have returned such an altered indictment." *Id.* The offense of possession of a controlled substance with intent to deliver consists of three elements: (1) the defendant had knowledge of the presence of a controlled substance; (2) the controlled substance was within the immediate control or possession of the defendant; and (3) the defendant had intent to deliver the controlled substance. *People v. Robinson*, 167 Ill. 2d 397, 407 (1995).

¶ 30    The denial of the motion to amend in this case was an arbitrary and capricious decision. The grand jury's intent in this case is clear. It intended to indict defendant on a charge of possession of a controlled substance with intent to deliver based on the powder found in the vehicle. To say the State must return to the grand jury to amend the controlled substance in the indictment defies

9

common sense. The old adage goes that a prosecutor can convince a grand jury to indict a ham sandwich.[1] However, defendant would have us believe that somehow the result here would differ if the grand jury were, instead, presented with evidence that he was in possession with the intent to deliver a controlled substance exponentially more lethal than the substance the grand jury actually indicted him on. Nonsense. Whether the prosecutor told the grand jury the powder found in the vehicle was cocaine or fentanyl, the result undoubtedly would be the same.

¶ 31    The underlying logic supporting the decision in *People v. Flores* applies here. In *Flores*, the defendant was charged by indictment with two counts of delivery of cocaine and one count of delivery of heroin. *Flores*, 250 Ill. App. 3d at 399. The grand jury only heard evidence based on cocaine but indicted defendant on all three charges. *Id.* at 400. The defendant then stipulated pre-trial that the substance was cocaine. *Id.* The evidence at trial established that the substance was cocaine. *Id.* at 399-400. In rebuttal closing argument, the State moved to amend the charge based on heroin to cocaine. *Id.* at 399. The court allowed the amendment, found the defendant guilty of all charges, and the defendant subsequently appealed. *Id.* at 400. The appellate court affirmed, finding that under the circumstances, the requested amendment resulted in neither surprise nor prejudice to the defendant, and the formal amendment was required to change the type of controlled substance to reflect what the grand jury intended to indict the defendant on. *Id.* at 403.

¶ 32    Here, as already discussed, the grand jury intended to indict defendant with possession of a controlled substance with intent to deliver based on the powder in the vehicle. Further, there was no prejudice or surprise to defendant. Defendant remains charged with possession of a controlled substance with intent to deliver. While the circuit court stated it was not considering surprise or

---

[1] "Solomon Wachtler, then Chief Judge of the New York Court of Appeals, famously remarked that prosecutors could convince a grand jury to 'indict a ham sandwich' if that is what they wanted." *United States v. Davis*, 793 F.3d 712, 728 (7th Cir. 2015) (citing Marcia Kramer & Frank Lombardi, *New top state judge: Abolish grand juries & let us decide,* N.Y. DAILY NEWS, Jan. 31, 1985, at 3).

prejudice as part of its ruling, it then opined no less than five times that there was no surprise to defendant, and no less than three times that defendant faced no prejudice from the amendment. The underlying notion of due process in criminal proceedings requires a defendant be afforded the kind of fairness that is essential to the very concept of justice. See *Lisenba v. California*, 314 U.S. 219, 236-37 (1941). Finding that there is no surprise or prejudice to defendant is equivalent to finding that allowing the amendment would not be unfair. This is particularly true in this case, where the intent of the grand jury is clear.

¶ 33      The change from cocaine to fentanyl results in zero deviation in the class of offense or possible penalty. The change in the controlled substance in no way impacts his defense. Defendant failed to argue prejudice either in the lower court or on appeal. The amendment does not contravene the intent of the grand jury, nor does it materially alter the charge. Under the facts of this case, a formal amendment is required to correct a miswriting in the indictment. The circuit court abused its discretion.

¶ 34      Defendant relies on *People v. Betts*, 78 Ill. App. 3d 200, 204 (1979), and *People v. Troutt*, 51 Ill. App. 3d 656 (1977), for the argument that a change in the controlled substance is substantive.

¶ 35      In *Betts*, the State amended an indictment charging delivery of a controlled substance. *Betts*, 78 Ill. App. 3d at 201. The State amended the indictment to charge that the defendant delivered a controlled substance that was a narcotic to one that was not a narcotic, which, in turn, altered the class of the offense and corresponding penalty. *Id.* at 201-02. The appellate court found the amendment was substantive, not formal, and reversed. *Id.*

¶ 36      In *Troutt*, the State charged the defendant by information with unlawful possession of less than 30 grams of amphetamine, a controlled substance. *Troutt*, 51 Ill. App. 3d at 658. The State

11

then amended the information to charge that the defendant unlawfully possessed less than 300 grams of phencyclidine, a different controlled substance. *Id.* at 658-59. The appellate court found that the amendment was substantive. *Id.* at 661-62.

¶ 37        In this case, the State is not requesting a change in the amount of the controlled substance nor will the sentencing range or class of offense change. *Betts* and *Troutt* are clearly distinguishable. The State is not seeking to charge defendant with a separate and distinct offense per the amendment but, instead, simply a different way in which to commit the same offense charged.

¶ 38        Allowing the amendment does not prejudice defendant and properly reflects the intent of the grand jury to indict defendant of the charged offense based on the controlled substance found in the vehicle. An amendment is required in this case to correct a formal defect.

¶ 39        We do have jurisdiction and should reverse and remand with directions for the circuit court to allow the State to amend the indictment.